NORTH MAIN LAND CO. *v.* WILLSON.

1. TOWNSHIPS—ELECTION—ANNEXATION—REFERENCE   TO   WRONG
STATUTE NOT FATAL.
  A petition to the board of supervisors to direct that an election
  be held to determine whether specified territory should be de-
  tached from the township and annexed to the city, which by
  patent mistake made reference to a statute wholly foreign to
  the subject, was sufficient without such reference, and there-
  fore needed no amendment correcting the mistake, since it was
  not necessary to refer to the applicable statute, and the ref-
  erence made was not to essential subject-matter, but was mere
  surplusage.

2. SAME—LACK OF FUNDS NO EXCUSE FOR REFUSAL TO HOLD ELEC-
TION.
  The township board, in performance of a ministerial duty, was
  required to hold said election, and lack of funds to pay the
  expense thereof was no excuse for refusing to do so, or of
  imposing the condition that the expense be met by petitioners.

3. MANDAMUS.
  The province of the writ of mandamus is to direct.

4. SAME—BOARD OF SUPERVISORS AND NOT COURT FIXES DATE OF
ELECTION.
  In mandamus to compel the township board to hold an election
  to determine whether specified territory should be detached
  from the township and annexed to the city, it was not the
  province of the court, after the day for the election set by
  the board of supervisors had passed, to fix the day therefor,
  but the board must act anew and fix another date for holding
  the election.

Certiorari to Oakland; Covert (Frank L.), J.  Sub-
mitted December 18, 1928.  (Calendar No. 33,669.)
Decided January 7, 1929.

Mandamus by the North Main Land Company and another to compel Albert W. Willson and others, comprising the board of Royal Oak township, to set a date for an election. From an order granting the writ, defendants bring certiorari. Affirmed.

*A. L. Moore,* for appellants.

*W. C. Hudson* and *Harry J. Merritt,* for appellees.

WIEST, J. This is certiorari to review mandamus. Qualified signers, sufficient in number, petitioned the board of supervisors for Oakland county to adopt a resolution, in accordance with Act No. 279, Pub. Acts *1919,* directing an election be held in the township and city of Royal Oak, on a day designated, to determine whether specified territory should be detached from the township and annexed to the city. Power of the board of supervisors to direct such an election was conferred by Act No. 279, Pub. Acts 1909 (1 Comp. Laws 1915, § 3304 *et seq.*), and amendments thereto. By mistake the petition made reference to a statute wholly foreign to the subject. The mistake was noticed by the board; the prosecuting attorney advised the board that the petition, in that respect, might be amended by the board; the amendment was made by the board and a special election ordered to be held on November 8, 1927, and due notice thereof was given to the township and city officials. The township board declined to hold the special election unless the expense thereof, in the sum of $1,100, was put up by petitioners. Thereupon plaintiffs herein petitioned the circuit court for the county of Oakland for a writ of mandamus, directing the township board to hold the election. In answer to an order to show cause the township board claimed that the petition for the election was void

because of the mentioned mistake, and the amendment thereto a nullity, and that the special election would cost $1,100 and there was no money in the township treasury to meet such expense. The circuit judge found the action by the board of supervisors legal and ordered the township board to hold the election. It was then too late for the township to comply with the necessary preliminaries to an election on November 8, 1927, and plaintiffs requested the court to set a new date. This the court felt was a matter solely within the province of the board of supervisors and declined to set another date.

Three questions are presented.

(1) Was it legal to amend or rather correct the petition?

(2) Was the township bound to hold the election at its own expense?

(3) Had the court power to set a new election day?

1. The petition needed no amendment. The mistake was patent but not with reference to essential subject-matter and was, therefore, mere surplusage. It was not necessary in the petition to point out the statute authorizing its filing and empowering the board to act. Act No. 279, Pub. Acts 1919, relates to the State department of animal industry. Defendants direct attention to the following language in Act No. 279, Pub. Acts 1909 (1 Comp. Laws 1915, § 3311):

* * * "and if, before final action thereon, it shall appear to said board or a majority thereof that said petition or the signing thereof does not conform to this act, or contains incorrect statements, no further proceedings pursuant to said petition shall be had." * * *

Clearly this relates to matter of substance. Plaintiffs also direct attention to the following provision in the same act:

"After the adoption of such resolution neither the sufficiency nor legality of the petition on which it is based may be questioned in any proceeding."

We need but say that the petition, without reference therein to any statute, was sufficient, and the amendment only served to make it look better.

2. The township board, in performance of a ministerial duty, was required to hold the election, and lack of funds to pay the expense thereof was no excuse for refusing to do so, or of imposing the condition that the expense be met by petitioners.

3. The province of the writ of mandamus is to direct. The court could do no more than direct obedience by the township to the order of the board of supervisors. It is the province of the board of supervisors not only to order an election but as well to fix the date of the holding thereof. If it happens, as here, that the election cannot be held on the day set by the board then the board, and not the court, must act anew in fixing another date. The law does not require a special election day, and, in fact, forbids a special day if a general election is to occur within 90 days, and we cannot but note that, since the special date fixed by the board, the annual April election and the general fall election in 1928 have been held, and an election upon the question of annexation could well have been directed at one or the other of such times had application been made to the board to so order.

The judgment in the circuit is affirmed, with costs against plaintiffs.

North, C. J., and Fead, Fellows, Clark, McDonald, Potter, and Sharpe, JJ., concurred.