THOMSON v. CITY OF DEARBORN.

1. MUNICIPAL CORPORATIONS—AMENDMENT OF CHARTER—STATEMENT OF PROPOSITION.

Statement of question presented by municipal council resolution that it was for the purpose of amending the city charter by changing the pension plan for new employees in the police and fire departments in the city by providing that they should be members of a retirement system similar to plan for other city employees set forth in a specified chapter of the charter *held*, such as to direct the attention of the voters to the nature and purpose of the proposal and was not misleading.

2. SAME—CHARTER AMENDMENT—STATEMENT OF QUESTION.

It is not necessary that a statement of a question to be voted on

at a municipal election for purpose of amending the charter set forth provisions of the charter that might be affected thereby or embody a detailed explanation of the new plan for retirement of new employees of city police and fire departments, especially where to do so would have violated statutory requirement as to length of the statement (CL 1948, § 117.21, as amended by PA 1955, No 117).

3. SAME—CHARTER AMENDMENT—AMENDMENT OF PENSION PLAN.

Change of phraseology as to manner of investment of funds of municipal pension plan so as to provide that they be "as authorized by law" but not otherwise affecting the plan, made some 24 days before the election at which the charter amendment embracing the plan was to be voted upon, *held*, proper, since it took nothing from the proposal that properly belonged there and added nothing that was not implied as a matter of law.

4. INJUNCTION—SPECIAL CITY ELECTION—STATEMENT OF QUESTION—AMENDMENT.

Bill to enjoin the submission of proposition as to pension plan for certain city employees to voters at special city election failed to state a cause for injunctive relief, where proposition was properly stated and minor amendment, made some 24 days before the election, took nothing from the proposal that properly belonged there and added nothing not implied as a matter of law (CL 1948, § 117.21, as amended by PA 1955, No 117).

Appeal from Wayne; Brennan (John V.), J.   Submitted January 10, 1957.   (Docket No. 32, Calendar No. 47,041.)   Decided February 28, 1957.

Bill by James Thomson against the City of Dearborn, a municipal corporation, to enjoin the placing on ballot at special election a proposal amending charter.   Bill dismissed on motion.   Plaintiff appeals.   Affirmed.

*James Thomson, in propria persona.*

*Dale H. Fillmore,* Corporation Counsel, for defendant.

Carr, J. It appears from the record in this case that the charter of the city of Dearborn makes provision in chapter 21 thereof for a retirement system, or pension plan, for employees in the police and fire departments of the city. Chapter 22 makes like provision for the benefit of other municipal employees. The city council of the city, at a session held on April 11, 1956, adopted a resolution providing for the submission of an amendment to the charter by adding thereto chapter 23 for the purpose of establishing a pension plan for new employees in the police and fire departments other than as set forth in chapter 21. The resolution provided for submitting the matter as proposition "F" at a special election to be held in the city on June 11, 1956. It is claimed on behalf of defendant that the purpose of the amendment was to lead to ultimate uniformity in the payment of pensions to retired employees of the city.

Under date of May 28, 1956, plaintiff filed his bill of complaint seeking injunctive relief against the submission of proposition "F" on the ground that the form of the question to be placed on the voting machines used in the city, pursuant to action of the city council, was insufficient in that it failed to inform the voters of the question to be voted on and was, in fact, misleading. The bill of complaint further questioned the desirability of the amendment from the standpoint of the public welfare. On the filing of the pleading an order issued, returnable June 8th following, requiring the defendant to show cause why a temporary injunction should not issue in accordance with the prayer of the bill. Defendant filed its answer to the order, moving therein that the bill be dismissed. Such motion was granted and the trial court, by opinion filed on June 15, 1956, denied plaintiff's motion for injunction and dismissed the case.

In the meantime, and under date of June 8, 1956, plaintiff filed an amended bill of complaint, incorporating therein the provisions of the first bill and alleging further that the city council on the 17th of May, 24 days prior to the date of the special election, amended proposition "F" by resolution, asserting that the change violated applicable provisions of section 21 of the city home-rule act.* Defendant filed answer to plaintiff's amended pleading. A subsequent motion for a rehearing was made by plaintiff, and denied. The election was held as scheduled on June 11, 1956, and the proposed amendment in question was adopted. Plaintiff has appealed from the order of dismissal, asking in his brief that this Court set aside the election on the proposed amendment and decree the invalidity thereof.

The section of the home-rule act above cited requires that the purpose of a proposed charter amendment shall be designated on the ballots in a true and impartial statement, not exceeding 100 words in length. In the instant case the statement as proposed by resolution of the council read as follows:

"Are you in favor of changing the pension plan for new employees in the police and fire departments in the city by providing that all such new employees shall be members of a retirement system similar to the plan for the city of Dearborn employees' retirement system set forth in chapter 22 of the charter, by amending the charter, to provide therefor?"

The statute provides that proposed charter amendments shall be published in full together with existing provisions that would be altered or abrogated thereby if adopted. On behalf of defendant it is claimed that such publication was duly had, and plaintiff does not claim otherwise. Counsel for de-

---

* CL 1948, § 117.21. as amended by PA 1955, No 117 (Stat Ann 1955 Cum Supp § 5.2100).

fendant further insist that the statement of the question was not misleading, and was in such form as to direct the attention of the voters to the nature and purpose of the proposal. The claim is well-founded.

It may not be said that the proposal sought to amend chapter 21 of the charter as well as to add a new chapter thereto. It may be conceded that the adoption of chapter 23 affected chapter 21 insofar as provisions for new members in the departments designated were concerned, but such result did not violate the requirement of the home-rule act, section 21, directing that any proposed amendment shall be confined to one subject. The purpose of the proposal was clearly the establishing of a pension plan for policemen and firemen that ultimately would extend to all members of said departments and would be of a character analogous to that provided in chapter 22 for other municipal employees. The statement as proposed by the city council and as used on the voting machines was sufficient to challenge attention to the purpose of the proposal. It was not necessary that it set forth provisions of chapter 21 that might be affected thereby, or embody a detailed explanation of the new plan. Such an explanation could scarcely have been made without violating the statutory requirement as to length. See *Michigan Public Service Company* v. *City of Cheboygan*, 324 Mich 309.

The proposed amendment, as approved by resolution of the city council on April 11, 1956, contained a provision with reference to the investment of funds in the system by the trustees thereof, stating that the power granted should be subject to conditions, limitations, and restrictions imposed by the State "upon life insurance companies in the making and disposing of their investments." Defendant in its answer to the amended bill of complaint alleged that the attorney general of the State questioned the validity

of the provision quoted. In consequence, the city council on May 17, 1956, took the action of which plaintiff complained in his amended bill, striking out the language quoted above and inserting in lieu thereof the words "and as authorized by law."

It will be noted that the proposed pension plan was not affected by the change in phraseology in the clause relating to investments by the trustees of the retirement system funds. Counsel for defendant argue that if the provision with reference to investments by life insurance companies was invalid, then it was a mere nullity, and that the trustees under the proposed chapter 23 of the charter of Dearborn would in any event be authorized to act in accordance with the laws of the State and not otherwise. We are in accord with defendant's contention in this respect. The change in phraseology made by the resolution of May 17, 1956, took nothing from the proposal that properly belonged there, and added nothing that was not implied as a matter of law. Presumably the change was made to obviate possible future misunderstanding. It was proper from the standpoint of clarity though not legally requisite. *North Main Land Co.* v. *Willson,* 245 Mich 537.

The trial judge correctly held that the bill did not set up grounds for equitable relief. The order entered is affirmed, with costs to defendant.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred.