WARREN PRODUCTS, INC., *v.* CITY OF NORTHVILLE.

1. STATUTES—CONSTRUCTION.
    One section of a statute must be considered in relation to other sections of the same statute in order to determine legislative intent, especially when specific references from such section to other portions are included.

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes § 358.
[2] 37 Am Jur, Municipal Corporations §§ 30, 31.

2. MUNICIPAL CORPORATIONS—ANNEXATION OF TOWNSHIP TERRITORY TO HOME-RULE CITY LOCATED IN 2 COUNTIES—ELECTIONS.

An election relative to annexation of township territory to a home-rule city of less than 15,000 population and located in 2 counties was properly conducted, where limited to a vote in the city to which the territory was to be annexed and in such territory without having been submitted to a vote in the remaining portion of the township not included in the annexation (CL 1948 and CLS 1956, §§ 117.1–117.38).

3. COSTS—PUBLIC QUESTION—ANNEXATION OF TOWNSHIP TERRITORY TO HOME-RULE CITY LOCATED IN 2 COUNTIES.

No costs are allowed in quo warranto proceedings to test validity of election as to annexation of township territory to home-rule city of less than 15,000 population and located in 2 counties, a public question being involved (CL 1948 and CLS 1956, §§ 117.1–117.38).

Appeal from Oakland; Adams (Clark J.), J. Submitted April 15, 1959. (Docket No. 61, Calendar No. 48,072.) Decided June 6, 1959.

Quo warranto by Warren Products, Inc., a Michigan corporation, and other taxpayers against the City of Northville, a municipal corporation, challenging validity of election resulting in annexation of territory. Judgment denying writ. Plaintiffs appeal. Affirmed.

*Glenn C. Gillespie* and *James G. Hartrick,* for plaintiffs.

*Philip R. Ogilvie,* for defendant.

KELLY, J. Pursuant to the home-rule act (PA 1909, No 279, as amended [CL 1948 and CLS 1956, §§ 117.1–117.38 (Stat Ann and Stat Ann 1957 Cum Supp §§ 5.2071–5.2118)]), a petition asking for a special election to determine whether a portion of the township of Novi should be detached from the town-

ship and annexed to the city of Northville was filed with the secretary of State.

The petition was approved and a date set for holding a special election. At the request of the township clerk, the secretary of State ruled that only electors within that portion of the township to be annexed could vote.

A majority vote in favor of the proposal was cast in the city of Northville and in the territory proposed to be annexed.

The township of Novi is located in Oakland county and the city of Northville is in Wayne and Oakland counties. Northville's population, according to the last official census, was 3,240.

Within 30 days following the election, appellants filed petition for a writ of quo warranto, contending the election void and of no legal effect because the electors of the township of Novi, outside the area proposed to be annexed, were unlawfully denied their legal right to vote on the proposal.

The trial court filed a written opinion sustaining the validity of the election and judgment was entered denying the petition for the writ. This appeal was taken.

Appellants submit one question:

"Where, under the provisions of the Michigan home-rule act, the territory to be affected by a proposed annexation by a city of less than 15,000 population is situated in more than one county, must the proposal be submitted to the electors of the remainder of the township from which the territory is proposed to be taken?"

The answer to this question calls for a construction of the home-rule act, more particularly sections 9 and 11 of such act. The material portions of section 11 read:

· "When the territory to be affected by any proposed incorporation, consolidation or change is situated in more than 1 county the petition hereinbefore provided shall be addressed and presented to the secretary of State, with 1 or more affidavits attached thereto * * * showing * * * that each signature affixed thereto is the genuine signature of a qualified elector residing in a city, village or township to be affected by the carrying out of the purposes of the petition and that not less than 25 of such signers reside in each city, village or township to be affected thereby. The secretary of State shall examine such petition * * * and if he shall find that the same conforms to the provisions of this act he shall so certify, and transmit a certified copy of said petition and the accompanying affidavit or affidavits to the clerk of each city, village or township to be affected by the carrying out of the purposes of such petition, together with his certificate as above provided, and a notice directing that * * * the question of making the * * * change of boundaries petitioned for, shall be submitted to the electors of the district to be affected. * * * The several city, village and township clerks who shall receive from the secretary of State the copies and certificates above provided for shall give notice of the election to be held on the question of making the proposed * * * change of boundaries as provided for in section 10 of this act." CLS 1956, § 117.11 (Stat Ann 1957 Cum Supp § 5.2090.)

Section 9 as originally passed provided that the votes of the electors in the city seeking to annex and those of the electors in the balance of the township from which the territory is sought to be taken shall be counted collectively.

This section 9, however, was amended in 1925* to read as follows:

---

* PA 1925, No 337. See, also, CLS 1956, § 117.9 (Stat Ann 1957 Cum Supp § 5.2088).—REPORTER.

"Provided, however, That territory may be attached or detached to or from cities having a population of 15,000 or less, if a majority of the electors voting on the question in the city to or from which territory is to be attached or detached, and a majority of the electors from that portion of the territory to be attached or detached as the case may be, both vote in favor of such proposition: And it is further provided, That this section shall not be so construed so as to give any city the authority to proceed hereunder to attach territory from any other city unless the question relative thereto has been voted upon by the voters of the entire cities affected."

Appellants contend that the court erred in relying on the words of section 9 providing that a majority of city electors "and a majority of the electors from that portion of the territory to be attached or detached as the case may be, both vote in favor of such proposition;" that section 11 applies and should control as the territory involved is situated in more than one county and no such proviso is found in section 11; that, therefore, the proviso in question is limited to the section in which it appears, and to annexations entirely within a single county, and may not be applied to a succeeding section dealing with annexations involving more than one county.

We do not agree with appellants. Section 8 states that the petition should be addressed to the county board of supervisors. The legislature by enacting section 11 provided an agency to whom the petition should be addressed in the event more than one county was affected and no proviso is contained within section 11 as to form or as to method of voting other than to say the election shall be conducted in the affected territory. We agree with the following from the carefully prepared opinion of the trial court:

"Briefly it is the plaintiffs' position that only the provisions of section 11 apply to the situation with which we are here concerned, and that the challenged election does not come within the proviso of section 9 relating to proposed annexations to cities of less than 15,000. * * *

"Both counsel concede that there is no State precedent on the issue here presented. * * *

"Section 11 sets forth with clarity the procedure to be followed in the petition for annexation and for the conduct of the election where territory in 2 counties is affected. The section is a part of the larger PA 1909, No 279 and under the accepted rules for the construction of statutes must be considered in relation to other sections of the same act. But it is not necessary to apply the general rule to this case, for the section by its own phraseology refers to other parts of the act. Found in the section is a reference to a petition as 'hereinbefore provided'— a reference to an affidavit which shall conform to the 'provisions of this act' and a directive to the clerk in relation to his duties 'provided for in section 10 of this act.'

"To insist that section 11 is self-operative and separate from the remainder of the act is to contradict the clear and expressed legislative intent.

"How then do we proceed with the proposed annexation of territory to a city of less than 15,000 population where the city and the territory to be annexed lie in different counties? The answer is apparent. The procedure to be used must follow the method provided in section 11 as supplemented and limited by the provisions of section 9 applying to cities of that size. Any other approach would do violence to the language of the statute.

"Referring to section 9, it is therein stated:

" 'That territory may be attached or detached to or from cities having a population of 15,000 or less if a majority of the electors voting on the question in the city to or from which territory is to be attached

or detached, and a majority of the electors from that portion of the territory to be attached or detached, as the case may be, both vote in favor of such proposition.'

"The proviso as quoted is too clear to require interpretation.

"It is the opinion of this court that the procedure used in submitting the proposed annexation to the electors was in exact accord with the provisions of PA 1909, No 279, and that a legal special election was held. Finding no error in the conduct of the election, the result must stand and a judgment in favor of the defendant may enter."

Affirmed. No costs, a public question being involved.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.