359 Mich. 167 (1960)
101 N.W.2d 381
In re MILLER ESTATE.
MILLER
v.
PROSSER.
Docket No. 35, Calendar No. 47,855.
Supreme Court of Michigan.
Decided February 26, 1960.
Thomas A. Jacques, for proponent.
James Renfrew and Donald W. Grant, for contestant.
KAVANAGH, J.
Roy W. Miller died on the 12th day of May, 1957, leaving a last will and testament dated August 10, 1956. The will was presented to the probate court for Wayne county for admission by the surviving widow, Edna Miller. Objections to admission of the will to probate were made by Evelyn Prosser, the appellant herein, 1 of the 2 daughters of testator by a first marriage. The issues of want of testamentary capacity, undue influence, and forgery were framed. Upon the request of Evelyn Prosser the matter was certified under the statute to the Wayne county circuit court for trial.
On August 12, 1957, exemplification of record and probate appeal were filed in the Wayne county circuit court, and the same day a demand for jury trial was filed. The matter was tried April 15-22, 1958. *169 Prior to trial, counsel for proponent asked for a ruling from the court that contestant had failed to file demand for jury trial pursuant to Michigan Court Rule No 75, § 5, subd (c) (1945).[*] In accordance with proponent's request, the court ruled before proceedings began that "contestant was deemed to have waived jury trial by reason of failure to file demand therefor in the probate court."
Before putting in his case, counsel for contestant requested of the court a statement on the record as to his ruling. The court stated as follows:
"The court has ruled and will rule that petitioner's demand for jury trial in this cause was not timely filed. Reference is made to the statute, first of all beginning at CL 1948, § 701.36 (Stat Ann 1943 Rev § 27.3178[36]), and also Court Rule No 75 (1945)[*] with particular relation to subsection 7 thereof, wherein it is provided, among other things  the section being entitled, `Same; Procedure, Filing, Demand for Jury Trial, Service.' Section (a) under section 7 reads:
"`Forthwith file a true copy of such order with the lower court: thereupon the circuit court shall be deemed vested with jurisdiction of said appeal, and no appeal shall thereafter be dismissed without notice to the appellant;
"`(b) If the appellant desires a jury trial, he shall file demand therefor with copy of such order; otherwise, jury trial shall be deemed to have been waived by the appellant.'
"The court's ruling being that (b) related back to (a) when reference is made to `copy of such order' it means that at the time the copy of the order is filed there must be filed therewith a demand for jury trial or, under the rule, jury trial shall be deemed to have been waived by the appellant.
*170 "Now it is true that the word `certification' did not appear therein but it is the court's holding that the terms `appeal' and `certification' are to be considered to be used interchangeably under the statute and under the rule and, therefore, the statute and the rule would apply to both certification and appeals. I think it is conceded that the rule would be controlling and conclusive over the statute as being more specific and that is my ruling."
At the conclusion of proofs the court admitted the will to probate. Contestant made a motion for a new trial for the following reasons:
1. The court erred in ruling contestant had waived jury trial in that Michigan Court Rule No 75, § 21 (1945),[**] expressly states the procedure in certification of will contest cases to be in accordance with the statute, CL 1948, § 701.36 et seq. (Stat Ann 1943 Rev § 27.3178[36] et seq.).
The court's attention was directed to CL 1948, § 701.42 (Stat Ann 1943 Rev § 27.3178[42]), and to Michigan Court Rule No 33, § 2 (1945), the latter reading as follows:
"Upon certification of a will contest under Rule 75, § 21, right to a jury trial shall be deemed to have been waived unless the party at whose instance such certification was made shall file a demand for jury trial in the circuit court within 15 days after filing of the exemplification of the record of such will contest in said court. Any other party shall file such demand within 15 days after being served with notice of the filing of such exemplification."
2. The court erred in finding "contestant was not able to establish that testator did not know who the natural objects of his bounty were."
3. The court erroneously drew conclusions and inferences from lack of testimony as to testator's *171 discussion of his property and enumerated several other reasons.
Objections to the motion for new trial were filed, and the court denied the motion. In answering the first reason, the court said that the matter was clearly controlled by Court Rule No 75 (1945) and that a demand for jury trial was not timely filed. As to the remaining points he made reference to the earlier opinion filed upon the conclusion of the trial which he considered to be fully explanatory as to those matters.
Contestant appeals to this Court, raising 2 questions as follows:
"1. Were there issues of fact as to mental competency and undue influence, for submission to a jury?
"The trial court made findings of fact as to competency and undue influence and in so doing implicitly answered `yes.'
"Contestant and appellant contends the question should be answered `Yes.'
"2. Should contestant have been granted a jury trial under Michigan Court Rule No 75, § 21 and Michigan Court Rule No 33, § 2 (1945)?
"The trial court answered `No.'
"Contestant and appellant contends the question should be answered `Yes.'"
Since a disposition of the second question will dispose of this matter, we will discuss that question first.
While it is true that In re Reid's Estate, 248 Mich 360, is authority for the position that the jurisdiction of circuit courts in cases of will contests by certification is in the nature of an appeal, and while it is equally true that Court Rule No 75, § 21 (1945),[**] provides in part "Where any interested party desires *172 to have a will contest certified to the circuit court * * * he shall file his written application and bond in the same way and subject to the same provisions as are now provided for in appeals from the probate court to the circuit court," it is an elementary rule of law regarding the construction of a particular statute or in the interpretation of any of its provisions, that all acts relating to the same subject, or having the same general purpose, shall be read in connection with it as together constituting one law. The following citations are in support of such rule: County of Wayne v. State Department of Social Welfare, 343 Mich 475; Dearborn Township Clerk v. Jones, 335 Mich 658; Palmer v. State Land Office Board, 304 Mich 628.
Also, in the case of Warren Products, Inc., v. City of Northville, 356 Mich 481, the Court held that one section of a statute must be considered in relation to other sections in the same statute in order to determine legislative intent, especially where specific references from such section to other portions are included.
The same construction would properly apply to our Court Rules (1945). Rule No 33, § 2, provides that upon certification of a will contest under Rule No 75, § 21, a jury trial may be had upon demand being made within 15 days after filing of the exemplification of the record of such will contest.
Court Rule No 75 applies to appeals in counties which have a population of over 500,000. Not only does reading the rules in pari materia require giving the 15-day rule effect in Wayne county, but the specific reference in the language of Court Rule No 33 to cases certified under Court Rule No 75, § 21, requires this to be done.
The trial court erred in not granting contestant a jury trial. Since a retrial in this matter in the *173 circuit court will be imperative, we do not consider the other questions raised by the appellant.
The trial court is hereby reversed, and the case is remanded to the circuit court for a jury trial, with costs in favor of appellant.
DETHMERS, C.J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.
NOTES
[*] As amended, November, 1949. See 326 Mich xxxvii, xl. The catch line quoted is not part of the rule as amended. See 326 Mich xlvi.  REPORTER.
[**] See 326 Mich xlvi.  REPORTER.