### WILLIAMS v. COUNTY OF BAY.

1. MUNICIPAL CORPORATIONS—ANNEXATION TO CITIES UNDER 15,000—PETITIONS—SIGNATURES.

    Petitions for annexation of 3 separate areas of territory to home-rule city with population of 4,558 which bore requisite number of signatures from city and township in general, although there were no signatures from 1 area and only 2 signatures from another area, *held*, not defective for lack of signatures under pertinent statute providing that for such purpose the "district to be affected" includes "the whole of each city, village or township from which territory is to be taken or to which territory is to be annexed" (CLS 1956, § 117-.9).

2. SAME—ANNEXATION—DATE OF ELECTION.

    It was error for the trial court to set the date for an election as to annexation of territory to a home-rule city, such being a matter within the province of the board of supervisors (CLS 1956, § 117.8).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–7] 37 Am Jur, Municipal Corporations §§ 23–34.
[8] 14 Am Jur, Costs § 91.

3. SAME—HOME-RULE CITIES—ANNEXATION—ELECTORS ENTITLED TO VOTE.

Only electors residing in township area affected by annexation petitions may vote on question of annexation to city of less than 15,000 population (CLS 1956, § 117.9).

4. SAME—ATTACHMENT OF VALID AND INVALID PETITIONS.

Notwithstanding petition for annexation of territory to a home-rule city was defective and it and 3 others for annexation of 3 other areas were attached together and each of the 4 were signed by the several electors and each contained a different map and was easily distinguishable and separable from the others in the set, the 3 petitions were valid and entitled to affirmative action by the board of supervisors (CLS 1956, § 117.9).

5. SAME—ANNEXATION—ALTERNATIVE PROCEDURES.

Petitions for annexation of separate township areas to home-rule city of less than 15,000 were not defective because an alternative method for annexation as to 1 area containing no population was not void, where the use of the alternative method was permissive, not required (CLS 1956, § 117.9).

6. SAME—ANNEXATION—MAPS.

Maps attached to petitions for annexation of separate areas to home-rule city of less than 15,000 population *held,* not defective or to have failed to accurately portray the lands to be annexed as described in the petitions (CLS 1956, § 117.9).

7. SAME—ANNEXATION—PETITIONS.

Petitions to annex separate areas to home-rule city of less than 15,000 population verified by circulators who did not materially misrepresent matters involved in petitions, and which are regular and in due form on their face, should not have been rejected by the board of supervisors (CLS 1956, § 117.9).

8. COSTS—PUBLIC QUESTION—ANNEXATION TO HOME-RULE CITY.

No costs are allowed in mandamus proceeding to compel submission of annexation questions to electors, a public question being involved (CLS 1956, § 117.9).

Appeal from Bay; Holbrook (Donald E.), J., presiding. Submitted April 4, 1962. (Docket No. 58, Calendar No. 49,442.) Decided September 7, 1962. Rehearing denied November 5, 1962.

Mandamus on three initiatory petitions by Durward J. Williams against the County of Bay and its

board of supervisors to compel submission of annexation questions to electors. City of Essexville intervened as party plaintiff and Charter Township of Hampton was added as party defendant. Writ granted. Defendants appeal. Modified, affirmed, and remanded.

*Dilley & Dilley (Albert R. Dilley,* of counsel), and *Carlton L. Thompson,* for plaintiffs.

*B. J. Tally (Norman J. Miller,* of counsel), and *Martin B. Legatz,* for defendants.

DETHMERS, J. Petitions, addressed to the board of supervisors of Bay county, were filed in the county clerk's office proposing annexation to the city of Essexville of 4 areas in Hampton township. The board found the petitions to. be defective and rejected them.

Mandamus was commenced in the circuit court to compel the board of supervisors to submit the annexation questions, with respect to 3 of the areas, to the electors of the district to be affected as defined by statute. The board's finding of defective petitions as to the fourth area has not been contested.

From judgment for. plaintiffs ordering issuance of a writ of mandamus to require the board of supervisors to call an election on annexation of the 3 areas this appeal is taken.

Essexville is a city of 4,558 population according to the 1960 United States census. The petitions bore the requisite number of signatures of electors who were freeholders from the city and from the township in general. With respect to 1 of the 3 areas, however, no signatures were procured, and in another only 2, from electors of the area to be annexed. Defendants say that lack of signatures by such electors renders the petitions defective. This they rea-

son from the provision in section 9 of the home-rule
act (CLS 1956, § 117.9 [Stat Ann 1961 Cum Supp
§ 5.2088]):

"Provided, however, That territory may be at-
tached or detached to or from cities having a popu-
lation of 15,000 or less if a majority of the electors
voting on the question in the city to or from which
territory is to be attached or detached, and a major-
ity of the electors from that portion of the territory
to be attached or detached, as the case may be, both
vote in favor of such proposition."

It will be noted that this provision distinguishes
annexations of township areas to cities of popula-
tions of less than 15,000 from those to larger cities
in which the electors of the remainder of the town-
ship are also entitled to vote on the question. De-
fendants reason that if township electors outside
the area to be annexed are not permitted by statute
to vote on the annexation question then it must fol-
low that they are not qualified to sign petitions there-
for. Support for their position is said to be found
in *City of Dearborn* v. *Village of Allen Park,* 348
Mich 449. There petitions were filed for incorpora-
tion as a city of a village and adjacent uninhabited
township territory. This Court quoted from the
above noted section of the statute, the following:

"Provided, however, That when a territory is
proposed to be incorporated as a city only the resi-
dents of the territory to be incorporated shall vote
on the question of incorporation."

On the strength of that provision this Court held
that only electors in the area to be incorporated
were entitled to sign the petitions and to vote on
the question. Section 6 of the statute (CLS 1956,
§ 117.6, as amended by PA 1957, No 210 [Stat Ann
1961 Cum Supp § 5.2085]), provides, however, with
respect to incorporation of home-rule cities, or the

annexation of territory thereto or detachment therefrom, or consolidation, et cetera, that proceedings for such purposes may be originated "by petition therefor signed by qualified electors who are freeholders residing within the cities, villages or townships to be affected thereby, to a number not less than 1% of the population of the territory affected thereby". Section 9 defines "district to be affected" as follows:

"The district to be affected by every such proposed incorporation, consolidation or change of boundaries shall be deemed to include the whole of each city, village or township from which territory is to be taken or to which territory is to be annexed."

In the *Dearborn Case, supra,* this Court seems to have contradicted that definition by stating, with respect to proceedings for incorporation as a city, that the area affected consists "of the area proposed to be incorporated only." By analogy the case seems helpful to defendants' contention on this point. Not to be overlooked, however, is the statement in this Court's opinion in that case (p 454), which considerably dilutes the analogy, that:

"In *Presque Isle Prosecuting Attorney* v. *Rogers Township,* 313 Mich 1, it was held that when petitions are filed for the incorporation of territory which includes a village and additional unincorporated area, it is a new incorporation and not a consolidation or annexation, hence the statutes applicable to consolidation or annexation do not necessarily govern for the incorporation of a city."

Accordingly, by its own terms, the language of the *Dearborn Case* is not necessarily controlling here. The language of section 6 of the act, to the effect that the proceedings such as this for annexation to a city may be originated by petition signed by electors of the cities or townships to be affected thereby

and the definition in section 9 of "the district to be affected" as including the whole of each township from which territory is to be taken, are clearly contrary to defendants' position. It seems to us that the doubtful analogy of Court decision here must yield to the unequivocal language of the governing statute. The 3 petitions were not defective for the reason so far considered.

The defendants' contention that the court erred in fixing the election date on which it directed the board of supervisors to submit the annexation question, as to 3 of the areas, to the electors appears to be sound. *North Main Land Co.* v. *Willson,* 245 Mich 537; CLS 1956, § 117.8 (Stat Ann 1961 Cum Supp § 5.2087). A stay having been granted by this Court and the date fixed by the trial court for such election having passed without the election, the matter of fixing the date for the election will properly revert to the board of supervisors for determination.

Defendants are correct in their position that the court erred in directing that the annexation question as to all 3 areas be submitted to the electors of the respective districts affected thereby. As already noted, that would include the electors of the entire township, whereas the statute, as quoted above, relating to annexation by a city of less than 15,000 population, restricts voting in the township to electors in the township areas to be annexed by the city. *Warren Products, Inc.,* v. *City of Northville,* 356 Mich 481. The exception is in the case of an area to be annexed which has no qualified electors residing therein, in which situation, under 1 of the provisions of section 9 of the act, the question is submitted to the qualified electors of the district to be affected, namely, the city and the township, who vote collectively thereon, a majority voting collectively in favor thereof accomplishing the annexation.

Four petitions, each for the annexation of 1 of the 4 areas, respectively, were circulated together, 1 set in the city and another in the township, and all 4 of each set were signed by the same electors in the same sequence. When filed with the clerk the 4 petitions of each set and the 2 sets were fastened together. Because the petitions for annexation of 1 of the 4 areas were admittedly defective in that they propose to annex a portion of another city in which no signatures were procured, it has become a matter of dispute as to whether the 2 sets constitute 1 petition which, if thus defective in 1 part, is defective *in toto,* or whether, though all of the parts were bound together, they still remained, in fact, 4 separate petitions, the defect of 1 leaving the other 3 intact. The board of supervisors held the former and the trial court the latter to be the case. We agree with the trial court. The fact that all the petitions were fastened together for filing, that each set of 4 had on top of 1 petition a printed slip reading "Sign all 4 copies" and that there are 4 in each set that were signed by the same electors in the same sequence, does not obviate the fact that each of the 4 described separate property and contained a different map and was separately signed by the several electors and was easily distinguishable and separable from the others in the set. We approve the trial court's finding that there were 4 petitions and that 3 were valid, entitled to affirmative action by the supervisors.

Defendants say, as to an area proposed to be annexed where no qualified electors reside that the "alternate method" provided in section 9 of the statute is the only one which may be employed. This provides for petitions signed by holders of record title of more than 1/2 of the area to be annexed, to be filed with the annexing city's council and the township board, and that such annexation may then be

accomplished by the affirmative majority vote of such council and board. Section 6 of the act also provides that, when less than 10 qualified electors reside in the area to be annexed, signatures of holders of record title of over 1/2 the area will suffice in lieu of the minimum of 10 signatures from the township otherwise required. Petitions so signed are addressed to the board of supervisors as distinguished from the alternate method provided in section 9. These alternate methods are permissive, but not required. See *Goethal* v. *Kent County Supervisors,* 361 Mich 104. Lack of 10 qualified electors in any of the 3 areas to be annexed did not make use of the alternate method compulsory. The petitions were not defective on this score.

Examination of the record does not persuade us, nor did it persuade the trial judge, that the maps attached to the petitions were defective or failed to accurately portray the lands to be annexed as described in the petitions.

Section 6 of the act requires that "Such petition shall be verified by the oath of 1 or more petitioners." The circulators, who were also petitioners, did verify the petitions. It appears from the testimony of one, taken at the trial, that he did not have the personal knowledge of matters in connection with circulating the petitions to which he had certified. Nevertheless, as the trial court found, the requisite number of signatures appear on the petitions, the latter are regular and in due form on their face, and no question has been raised as to the sufficiency of numbers of signers nor as to the qualifications of the signers as being freeholder electors of the city or township as therein represented. There was nothing before the board of supervisors in this connection to warrant its rejection of the petitions.

The proofs in the case do not support defendants' claim that the circulators of the petitions were guilty

of such misrepresentation to the signers as to invalidate the petition.

The judgment below is modified in accord herewith, and so affirmed, with remand to the trial court with directions to refer the matter to the board of supervisors for submission of the question of annexation of the 3 areas in the township to the qualified electors of the city of Essexville and of the township areas proposed to be annexed having qualified electors residing therein, or if none reside in the area to be annexed, then to the qualified electors of the city of Essexville and of the township of Hampton who shall vote collectively thereon, at a time and manner as determined by the board of supervisors and provided by law.

No costs, a public question being involved.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.