PEOPLE v CHANDLER

CRIMINAL LAW—PRISON ESCAPE—SENTENCES—CREDIT FOR TIME
    SERVED—PRIOR CRIME—CONSECUTIVE SENTENCES.
    A defendant in prison under a sentence for another crime is not
    entitled to credit on a subsequent sentence for prison escape for
    time spent in prison between arraignment and sentencing
    when the second sentence is consecutive.

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 February 5, 1975, at Lansing. (Docket No. 19392.) Decided March 13, 1975.

Harold L. Chandler was convicted, on his plea of guilty, of prison escape. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: BASHARA, P. J., and R. B. BURNS and M. J. KELLY, JJ.

PER CURIAM. On August 8, 1972 defendant pled guilty to the crime of prison escape,[1] and was sentenced to a consecutive term of from 1 to 5 years. On November 17, 1972 the trial judge

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 545.
[1] MCLA 750.193; MSA 28.390

granted a delayed motion to vacate the plea. The defendant appeared before the court on October 22, 1973 for the apparent purpose of proffering a plea to the charge.

The following colloquy took place:

"*The Defendant:* I want to know about this law, about the part, do any time started from the time—

"*The Court:* It goes back to your original arraignment, yes.

"*The Defendant:* I plead guilty then."

The court then indicated that a new presentence investigation would be necessary which would take approximately one month. The defendant, however, waived the presentence report and the matter was continued until October 25, 1973 whereupon the court stated:

"*The Court:* Now, a warrant was issued and you were arrested on that warrant. I am talking about the first time, July 18th, 1972.

"You're entitled to a credit against the sentence I am about to impose from July 18th, 1972, to date; and it is the sentence of this court that you be confined in the State Prison of Southern Michigan for the minimum term of one year, the maximum term to be five years.

"This sentence shall be consecutive to any lawful sentence or sentences being served by you at the time the escape occurred; and you are hereby specifically granted a credit of 464 days against this sentence for time already served prior to sentencing.

"You are remanded to the custody of the warden for execution of the sentence, so actually your credit is more than the minimum.

"*The Defendant:* Okay, thank you."

Defendant contends that a promise of the trial judge was not kept, and that it was this promise

which induced him to plead guilty. He argues that he is entitled to specific performance of the court's promise or, in the alternative, that the plea be vacated.

The prosecution counters that there was no plea bargain, and that at worst defendant's plea was based on a mistake of law.

It clearly appears that there was a misstatement of law by the trial court. In *People v Patterson,* 392 Mich 83; 219 NW2d 31 (1974), it was held that a defendant in prison under a sentence for another crime is not entitled to credit on a subsequent sentence for time spent in prison between arraignment and sentencing when the second sentence is consecutive. Defendant should not suffer misfortune because of an incorrect statement of the consequences of his plea by the trial court. *People v Maurice Jones,* 37 Mich App 283; 194 NW2d 534 (1971).

Reversed and remanded for a new trial.