PEOPLE v MAYES

Docket No. 78-5432. Submitted June 20, 1979, at Detroit.—Decided January 23, 1980.

Derwin Mayes was convicted, on his plea of guilty, of breaking and entering an occupied dwelling, Recorder's Court of Detroit, Joseph A. Gillis, J. The offense was committed while the defendant was on authorized leave from a halfway house. The sentence for the offense was ordered to be served consecutively with the term he was serving at the halfway house. Defendant appeals, alleging that he was neither incarcerated in a penal institution nor escaped from such an institution when he committed the offense and that, therefore, the statute requiring consecutive sentencing should not apply. *Held:*

A crime committed by a defendant on leave from a halfway house is committed during the defendant's incarceration in a penal institution. The consecutive sentencing statute is applicable.

Affirmed.

CRIMINAL LAW — SENTENCING — HALFWAY HOUSES — STATUTES.

A crime committed by a defendant who is on leave from a halfway house is committed during the defendant's incarceration in a penal institution, and the defendant is subject to a consecutive sentence (MCL 768.7a; MSA 28.1030[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Paul G. Bruno,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 547.

Before: BASHARA, P.J., and D. E. HOLBROOK, JR. and J. C. DANER,* JJ.

PER CURIAM. The defendant pled guilty to break-ing and entering an occupied dwelling while he was on authorized leave from a halfway house and was sentenced to from 3-1/2 to 5 years in prison. The sentence was ordered to run consecutively with the prison term he was serving at the time the crime was committed. The defendant appeals as of right the consecutive nature of his sentence.

The defendant contends that although MCL 768.7a; MSA 28.1030(1) requires consecutive sen-tencing for crimes committed while incarcerated in a penal institution or while escaped from such an institution, his status while on authorized leave from a halfway house was not within either of those classifications. The statute at issue provides:

"A person who is incarcerated in a penal or reforma-tory institution in this state, or who escapes from that institution, and who commits a crime during that incar-ceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for the crime shall commence at the expiration of the term or terms of sentence which the person is serving or has become liable to serve in a penal or reformatory institution in this state."

In *People v Smith (On Rehearing),* 89 Mich App 478, 489; 280 NW2d 862 (1979), this Court held that for purposes of the escape statute, MCL 750.193; MSA 28.390, any grounds under the con-trol of persons authorized by the corrections de-partment to have inmates under their care, cus-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tody or supervision is a prison. Thus, a halfway house is a prison for purposes of the escape statute.

Without deciding whether or not the commission of a crime while on leave from a halfway house is an escape, absent an intent not to return, we hold that a crime committed while on leave from a haflway house is committed during one's incarceration in a penal institution. The alternative interpretation of the consecutive sentencing statute, which is advanced by the defendant, is clearly outside of the legislative intent, which was to create a disincentive for committing criminal acts by those serving prison sentences.

The consecutive sentence in the present case is, therefore, affirmed.