## PEOPLE v SHIRLEY JOHNSON

Docket No. 78-4881. Submitted December 5, 1979, at Grand Rapids.—
Decided March 5, 1980.

Shirley Johnson, while serving a sentence at a community correc-
tions center for a prior conviction, was convicted of larceny in a
building and sentenced to a term of two to four years to be
served consecutively with her sentence on the other conviction,
Kalamazoo Circuit Court, C. H. Mullen, J. Defendant appeals.
On appeal, defendant contends that she was not incarcerated at
the time the larceny was committed and that the consecutive
sentence was erroneous. *Held:*

A prisoner who is incarcerated in a penal or reformatory
institution and who commits a crime during that incarceration
which is punishable by imprisonment is subject to a mandatory
consecutive sentence with the new sentence to commence at
the expiration of the term of the sentence which the person is
already serving. A community corrections center is a prison for
purposes of the consecutive sentencing statute. Therefore, de-
fendant was incarcerated and a prisoner when the larceny was
committed. The trial court's consecutive sentencing was proper.
Because defendant was serving a prison sentence arising from a
prior crime and received a consecutive sentence she is not
entitled to sentence credit for the time spent in jail between
arraignment and sentencing.

Affirmed.

1. CRIMINAL LAW — PRISONERS — CRIME DURING INCARCERATION —
SENTENCES — CONSECUTIVE SENTENCES — STATUTES.

A statute provides for mandatory consecutive sentences for of-
fenses committed by a prisoner who is incarcerated in a penal
or reformatory institution and who commits a crime during
that incarceration which is punishable by imprisonment in a
penal or reformatory institution in this state (MCL 768.7a;
MSA 28.1030[1]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 21 Am Jur 2d, Criminal Law § 547.
[2] 73 Am Jur 2d, Statutes §§ 187-190, 305, 332.
[3] 60 Am Jur 2d, Penal and Correctional Institutions § 1.

2. CRIMINAL LAW — ESCAPE — STATUTES — STATUTORY CONSTRUCTION — IN PARI MATERIA.

  Statutes relating to the same subject or having the same general purpose should be construed to be *in pari materia;* therefore, the statute which deals with prison escape may be read *in pari materia* with the provisions of the statute dealing with escape from a penal or reformatory institution (MCL 750.193, 768.7a; MSA 28.390, 28.1030[1]).

3. CRIMINAL LAW — SENTENCES — PRISONERS — COMMUNITY CORRECTIONS CENTER — CRIME DURING INCARCERATION.

  A community corrections center is a prison for purposes of the escape statute; a person who is serving a sentence at the center is incarcerated and if he commits a crime while serving his time he is subject to a mandatory consecutive sentence (MCL 768.7a; MSA 28.1030[1]).

4. CRIMINAL LAW — SENTENCES — SENTENCE CREDIT — SUBSEQUENT CRIMES — CONSECUTIVE SENTENCES.

  A defendant who is serving a prison sentence arising from a prior conviction is not entitled to sentence credit for the time spent in jail between the time of arraignment and sentencing on a subsequent crime where the second sentence is consecutive.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Judy A. Hughes,* Appellate Attorney, for the people.

*James R. Durant,* for defendant on appeal.

Before: BRONSON, P.J., and ALLEN and R. M. MAHER, JJ.

PER CURIAM. The defendant appeals as of right from a plea-based conviction of larceny in a building, MCL 750.360; MSA 28.592. She was sentenced to a term of 2 to 4 years in prison, to be served consecutively with her sentence on a prior conviction.

The instant charge stems from an incident which occurred while the defendant was serving a sentence at a community corrections center pro-

gram. Ms. Johnson was on her way to a laundromat to do her wash. She stopped at the Family Foods market. Although she had sufficient money, she took laundry detergent worth less than $3 and put it in her purse, not intending to pay for it. Ms. Johnson was apprehended before she left the store.

On appeal, the defendant contends that she was not "incarcerated" at the time the instant crime was committed, so that the consecutive sentencing statute, MCL 768.7a; MSA 28.1030(1), was erroneously applied.

MCL 768.7a; MSA 28.1030(1) provides for mandatory consecutive sentences for offenses committed by a prisoner or an escapee, as follows:

"Sec. 7a. (1) A person who is * * * incarcerated in a penal or reformatory institution in this state, or who escapes from that institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for the crime shall * * * commence * * * at the expiration of the term or terms of sentence which the person is serving or * * * has become liable to serve in a penal or reformatory institution in this state."

There are no cases which specifically construe a community corrections program as being a penal or reformatory institution within the ambit of this statute. However, statutes relating to the same subject or having the same general purpose should be construed to be in pari materia. *Wayne County v Dep't of Social Welfare*, 343 Mich 475, 479; 72 NW2d 200 (1955). Thus, the statute which deals with prison escape, MCL 750.193; MSA 28.390, may be read in pari materia with the provisions of MCL 768.7a; MSA 28.1030(1). Section 2 of the

escape statute, which has since been amended to include a community residential center,[1] defines a "prison" as follows:

"(2) The word "prison" as used in this section shall include any Michigan state prison, penitentiary, reformatory, state house of correction, camp constructed and maintained under the provisions of Act No. 274 of the Public Acts of 1949, as amended, being section 798.351 of the Compiled Laws of 1948, or any penal camp, except probation camps or probation recovery camps, and shall further include the grounds, farms, shops, road camps or places of employment operated by such institution or under control of the officers thereof, or the department of corrections, or of any police officers of this state, or of other persons authorized by the department to have prison inmates under their care, custody or supervision, either in an institution or outside an institution, whether for the purpose of work or medical care or otherwise."

In *People v Strong,* 53 Mich App 620; 219 NW2d 804 (1974), a YMCA corrections program was found to be a prison for purposes of the escape statute. In *People v Smith (On Rehearing),* 89 Mich App 478; 280 NW2d 862 (1979), a hospital was held to be within the scope of the escape

---

[1] The amended version of MCL 750.193(2); MSA 28.390(2) provides:

"(2) * * * 'Prison' as used in this section *means a* state prison, penitentiary, reformatory, state house of correction, *community residential center either operated or leased by the department of corrections,* a camp constructed and maintained under * * * Act No. 274 of the Public Acts of 1949, * * * being section 798.351 of the *Michigan* Compiled Laws * * *, or *a* penal camp, except *a* probation *camp* or probation recovery *camp,* and *includes* the grounds, *farm, shop,* road *camp,* or *place* of employment operated by *the* institution or under control of the officers *of the institution,* * * * the department of corrections, * * * *a* police *officer* of this state, or *any* other *person* authorized by the department to have *a* prison *inmate* under * * * care, custody, or supervision, either in an institution or outside an institution, whether for the purpose of work, * * * medical care, or *any other reason."* (Emphasis added.)

We feel that the amended definition represents a clarification rather than a departure from the previous enactment.

statute. It would subvert legislative intent if we were to hold that the defendant herein was in a noncustodial setting at the time of the charged crime. A similar conclusion was reached in the recent case of *People v Mayes,* 95 Mich App 188; 290 NW2d 119 (1980), which held that consecutive sentences were appropriate where the defendant committed a crime while in a community halfway program.

Since we have upheld the appropriateness of the trial court's consecutive sentencing, the defendant is not entitled to sentence credit for the time spent in jail between the time of arraignment and sentencing. *People v Patterson,* 392 Mich 83; 219 NW2d 31 (1974), and *People v Chandler,* 59 Mich App 656; 230 NW2d 16 (1975).

Affirmed.