PEOPLE v WOODRUFF

Docket Nos. 48420, 48421. Submitted January 14, 1981, at Detroit.—
Decided April 8, 1981. Leave to appeal applied for.

In April, 1978, Willie Woodruff was charged with three separate
counts of possession of various narcotics and with violation of
the felony-firearm statute. After being bound over for trial,
defendant failed to appear at his scheduled trial on December
5, 1978. A capias was issued. On July 18, 1979, defense counsel
moved to dismiss the charges on the basis of the failure of the
prosecution to satisfy the statutory rule that inmates be
brought to trial within 180 days, defendant having been an
inmate in Jackson prison from November 4, 1978, to April 13,
1979. The prosecution argued that it did not have actual notice
of defendant's imprisonment and was thereby relieved from
satisfying the mandate of the 180-day rule. The Recorder's
Court of Detroit, George W. Crockett, III, J., dismissed the
charges. Plaintiff appeals, leave to file a delayed appeal having
been granted. *Held:*

1. The statutory 180-day rule is not rendered inapplicable by
reason of the fact that the sentences for the charged crimes
would run consecutively to the sentence being served.

2. While the trial court was correct in holding that the
prosecution's lack of actual knowledge of defendant's incarcera-
tion does not suspend the operation of the 180-day rule, remand
for an evidentiary hearing to determine whether the prosecu-
tion should have known of defendant's incarceration is neces-
sary, since the prosecution asserts that the defendant was
serving the sentence in prison under a different name.

Remanded.

BRONSON, J., dissented. He would hold that the statutory 180-
day rule does not apply where the sentence on the charged
crime would run consecutively to a prior sentence being served.
He would reverse.

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 21 Am Jur 2d, Criminal Law §§ 246, 247, 249.
[2, 3] 21 Am Jur 2d, Criminal Law § 248.

OPINION OF THE COURT

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE —
   STATUTES.

The statute requiring that a prison inmate be brought to trial on
pending charges within 180 days from the time the Department
of Corrections notifies the prosecutor such person is incarcer-
ated for a previous conviction is not rendered inapplicable by
the fact that the sentence on the subsequent charge would run
consecutively to the sentence being served (MCL 780.131 *et
seq.;* MSA 28.969[1] *et seq.).*

2. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF
   PROCEEDINGS — 180-DAY RULE — STATUTES.

The 180-day statutory period which controls the time for com-
mencing a criminal prosecution against a prison inmate on
outstanding warrants begins with the coincidence of either of
following conditions 1 or 2 and condition 3: (1) the issuance of a
warrant, indictment or complaint against a person incarcerated
in a state prison or under detention in any local facility
awaiting incarceration in any state prison; or (2) the incarcera-
tion of a defendant in a state prison or the detention of such
defendant in a local facility to await such incarceration when
there is an untried warrant, indictment, information or com-
plaint pending against such defendant; and (3) the prosecutor
knows or should know that the defendant is so incarcerated
when the warrant, indictment, information or complaint is
issued or the Department of Corrections knows or should know
that a warrant, indictment, or complaint is pending against one
in their custody (MCL 780.131 *et seq.;* MSA 28.969[1] *et seq.).*

3. CRIMINAL LAW — SPEEDY TRIAL — INMATES — KNOWLEDGE OF
   INCARCERATION — 180-DAY RULE — STATUTES.

The lack of actual notice by a prosecutor of a defendant's incar-
ceration does not, in and of itself, excuse compliance with the
statutory mandate that prison inmates be brought to trial on
subsequent crimes within 180 days; the 180-day period starts to
run when the prosecutor knows or should have known of a
defendant's incarceration (MCL 780.131 *et seq.;* MSA 28.969[1]
*et seq.).*

4. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE —
   EVIDENTIARY HEARING — STATUTES.

A remand for an evidentiary hearing is mandated where a
prosecutor failed to bring to trial a prison inmate within the
statutory 180-day period and the trial court dismissed the
charges by reason of the prosecutor's failure to bring the
subsequent charges within that period but where the prose-

cutor asserts that he neither knew nor should have known of the defendant's incarceration because the defendant was incarcerated in prison under an alias (MCL 780.131 *et seq.;* MSA 28.969[1] *et seq.).*

DISSENT BY BRONSON, J.

5. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE — STATUTES.

*The 180-day statutory limitation on bringing an inmate to trial on pending untried charges does not apply where the sentence on the subsequent charge would run consecutively to the sentence being served (MCL 780.131 et seq.; MSA 28.969[1] et seq.).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Robert E. Berg, Jr.,* for defendant.

Before: V. J. BRENNAN, P.J., and BRONSON and BASHARA, JJ.

BASHARA, J. In April, 1978, defendant was charged with possession of heroin in violation of the controlled substance act, MCL 335.341(4)(a); MSA 18.1070(41)(4)(a), and with felony-firearm, MCL 750.227b; MSA 28.424(2). A few days later, he was also charged in a three-count information with possession of heroin, possession of diazepam (Valium), MCL 335.341(4)(b); MSA 18.1070(41)(4)(b), and possession of codeine, MCL 335.341(4)(b); MSA 18.1070(41)(4)(b). After defendant was bound over for trial, the cases were consolidated. Defendant failed to appear at the trial scheduled for December 5, 1978. A capias was issued.

On July 18, 1979, defense counsel filed a motion to dismiss the charges alleging violation of the 180-day rule, MCL 780.131 *et seq.;* MSA 28.969(1)

*et seq.* At the hearing on the motion, it was revealed that the defendant was an inmate of Jackson Prison from November 4, 1978, a month prior to the original trial date, to April 13, 1979. Defendant was an escapee at the time the alleged crimes occurred. No action was taken by the prosecutor to ready the cases for trial after the December capias was issued.

The prosecutor admitted that the defendant had not been brought to trial within 180 days of incarceration. However, he argued that he did not have actual notice of the imprisonment. The trial court dismissed the charges with prejudice and the prosecutor appeals.

The 180-day rule is stated in MCL 780.131 and 133; MSA 28.969(1) and (3):

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail.

\* \* \*

"In the event that, within the time limitation set

forth in § 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

The prosecutor asserts for the first time on appeal that the cases should not have been dismissed because the defendant was not prejudiced by the delay. He argues that the purpose of the 180-day rule is to afford the prisoner the opportunity to have the sentences run concurrently. Since the sentences defendant would have received would have been consecutive to the earlier sentences, the prosecutor asserts that the 180-day rule violation does not require dismissal.

There is currently a split of authority in this Court on the question of whether a case must be dismissed upon a finding of a 180-day rule violation where any sentence imposed on the pending charges would be consecutive to the current sentence. We agree with the opinion in *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980), where the Court held that this argument is without merit. *Contra,* see *People v Loney,* 12 Mich App 288; 162 NW2d 832 (1968), and *People v Ewing,* 101 Mich App 51; 300 NW2d 742 (1980).

The prosecutor also argues that lack of actual notice excuses him from the provisions of the 180-day rule. In *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978), the Court interpreted the 180-day rule provisions as follows:

"We read MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.* as an effort to secure to state prison inmates their constitutional right to a speedy trial.

"We hold that the statutory period begins with the coincidence of either conditions 1 or 2 and condition 3:

"1) The issuance of a warrant, indictment or complaint against a person incarcerated in a state prison or under detention in any local facility awaiting incarceration in any state prison;

"2) The incarceration of a defendant in a state prison or the detention of such defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant; and

"3) The prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one sentenced to their custody.

"* * * Our holding imposes a duty upon all law-enforcement officials to see that state prison inmates are brought to trial on outstanding warrants in good faith within 180 days.

"We have held that defendant's trial need not be concluded within 180 days, but that the prosecution must take good-faith action within that time to ready the case for trial. *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959)."

Therefore, the trial court correctly ruled that the lack of actual notice of defendant's incarceration does not in and of itself excuse a 180-day rule violation.

However, the prosecutor contends that, since defendant was spending time in prison under an alias, he could not have possessed knowledge of defendant's incarceration. *People v Hill, supra,* requires that the prosecutor "knows or should know" of defendant's imprisonment before the charges must be dismissed. Therefore, this assertion, if supported by the record, would act as a defense to the 180-day rule violation.

It appears that the parties argued the motion for dismissal under the false belief that only actual notice is relevant. We believe that justice would best be served by remanding the matter to the trial court for a hearing on the issue of whether the prosecutor should have known that defendant was incarcerated. If the court answers this question in the affirmative, the judgment is affirmed. If the trial court finds that because of the use of the alias it would not be reasonable for the prosecutor to have known of the defendant's incarceration, the judgment shall be set aside and the charges reinstated.

We do not retain jurisdiction.

V. J. BRENNAN, P.J., concurred.

BRONSON, J. *(dissenting)*. I respectfully dissent. As the majority notes, there is currently a split of authority concerning the applicability of the 180-day rule where defendant would not be entitled to concurrent sentencing. In my opinion, MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.,* does not apply where the sentences must run consecutively. *People v Loney,* 12 Mich App 288; 162 NW2d 832 (1968), *People v Ewing,* 101 Mich App 51; 300 NW2d 742 (1980).

I would reverse.