PEOPLE v HEGWOOD

Docket No. 52480. Submitted June 10, 1981, at Grand Rapids.—Decided September 10, 1981.

Phillip C. Hegwood, while involved in a transitional corrections program as an inmate in the custody of the Michigan Department of Corrections at the Valley Inn in Kalamazoo, was arrested and charged with tampering with the property of a utility. Defendant subsequently filed a motion to dismiss based on an alleged violation of the 180-day statutory limitation on bringing an inmate to trial on pending untried charges. The Kalamazoo Circuit Court, Patrick H. McCauley, J., denied the motion. A jury trial was commenced 244 days after defendant was arrested. Defendant was convicted and sentenced, Patrick H. McCauley, J. He appeals, contending that the trial court erred in refusing to dismiss the charge against him because of the failure of the prosecution to comply with the 180-day rule. *Held:*

1. An individual participating in a community corrections program is incarcerated in a penal or reformatory institution for purposes of the consecutive sentencing statute and the 180-day rule.

2. The 180-day rule is not rendered inapplicable by reason of the fact that sentences for the crimes charged would run consecutively to the sentence being served. The rule is also intended to preserve an inmate's constitutionally protected right to a speedy trial.

3. The failure of the prosecution to comply with the 180-day rule acted to deprive the trial court of jurisdiction to hear this matter. The trial court erred in ruling that the prosecution had met its good faith requirement of readying the case for trial.

Reversed.

MacKenzie, J., dissented. She would hold that the 180-day rule is inapplicable where the defendant would not be entitled to concurrent sentencing.

Reference for Points in Headnotes

[1-5] 21A Am Jur 2d, Criminal Law § 857.

1. CRIMINAL LAW — PRISONS AND PRISONERS — CONSECUTIVE SEN-
   TENCES — 180-DAY RULE — COMMUNITY CORRECTIONS PRO-
   GRAMS — STATUTES.

   An individual participating in a community corrections program
   is incarcerated in a penal or reformatory institution for pur-
   poses of the consecutive sentencing statute and the 180-day
   statutory limitation on bringing an inmate to trial on pending
   untried charges (MCL 768.7a, 780.131; MSA 28.1030[1],
   28.969[1]).

2. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE —
   STATUTES.

   The statute requiring that a prison inmate be brought to trial on
   pending charges within 180 days from the time the Department
   of Corrections notifies the prosecutor such person is incarcer-
   ated for a previous conviction is not rendered inapplicable by
   the fact that the sentence on the subsequent charge would run
   consecutively to the sentence being served (MCL 780.131 *et
   seq.;* MSA 28.969[1] *et seq.).*

3. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE —
   STATUTES.

   The 180-day statutory limitation on bringing an inmate to trial
   on pending untried charges does not mandate an actual trial
   within the six-month period; it does, however, obligate the
   prosecutor to take good faith action on the case and to proceed
   promptly in readying the case for trial (MCL 780.131; MSA
   28.969[1]).

4. CRIMINAL LAW — STATUTES — INMATES — TRIAL ON PENDING
   CHARGES — JURISDICTION.

   A statute which requires that a prison inmate be brought to trial
   on an untried charge within 180 days from the time the
   Department of Corrections notifies the prosecutor that the
   defendant is incarcerated for a previous conviction has been
   interpreted to require only that good faith action to commence
   proceedings must be initiated within the time limit in order to
   preserve jurisdiction to try the charge; thereafter, jurisdiction
   is lost only if the initial action is followed by inexcusable delay
   which evidences intent not to bring the case promptly to trial
   (MCL 780.131, 780.133; MSA 28.969[1], 28.969[3]).

DISSENT BY MACKENZIE, J.

5. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE —
   STATUTES.

*The 180-day statutory limitation on bringing an inmate to trial
on pending untried charges is inapplicable where the defendant
would not be entitled to concurrent sentencing (MCL 780.131;
MSA 28.969[1]).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James J. Gregart,*
Prosecuting Attorney, and *James A. Christopher-
son,* Assistant Prosecuting Attorney, for the peo-
ple.

*Milton J. Marovich,* for defendant on appeal.

Before: D. F. WALSH, P.J., and MACKENZIE and
J. R. ERNST,* JJ.

D. F. WALSH, P.J. Defendant was convicted by a
jury of tampering with property of a utility, MCL
750.383a; MSA 28.615(1). He was sentenced to a
term of two years, eight months to four years in
prison.

Defendant's conviction arose from the following
set of facts. In the early morning hours of August
31, 1979, Officer Edward Hancox responded to a
report that an alarm had been set off at the
Bunkman Tire Company. As he drove into the
unlighted parking lot, Hancox saw defendant
crouching down next to the garage. When the
officer turned on his headlights, defendant ap-
proached the police car. Hancox then left his
vehicle and conducted a pat-down search of defen-
dant for weapons. Hancox found two screwdrivers
in defendant's front pocket. Defendant was placed
in the back of the police car while other officers
investigated the building and found that the elec-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trical meters had been disturbed. Defendant was
then placed under arrest.

At the time of the offense, defendant was in the
custody of the Michigan Department of Correc-
tions in the Valley Inn in Kalamazoo. Defendant
was involved in a transitional corrections program.
Defendant's arrest occurred on August 31, 1979,
and he was subsequently arraigned and bound
over to circuit court. In April, 1980, defendant
filed a motion to dismiss based on the alleged
violation of the 180-day rule. MCL 780.131; MSA
28.969(1). The court denied defendant's motion on
April 14, 1980, and trial commenced on May 1,
1980, 244 days after defendant's arrest. Defendant
contends on appeal that the trial court erred in
refusing to dismiss the charge against him because
of the prosecution's failure to comply with the 180-
day rule.

MCL 780.131; MSA 28.969(1) provides:

"Whenever the department of corrections shall re-
ceive notice that there is pending in this state any
untried warrant, indictment, information or complaint
setting forth against any inmate of a penal institution
of this state a criminal offense for which a prison
sentence might be imposed upon conviction, such in-
mate shall be brought to trial within 180 days after the
department of corrections shall cause to be delivered to
the prosecuting attorney of the county in which such
warrant, indictment, information or complaint is pend-
ing written notice of the place of imprisonment of such
inmate and a request for final disposition of such war-
rant, indictment, information or complaint. The request
shall be accompanied by a statement setting forth the
term of commitment under which the prisoner is being
held, the time already served, the time remaining to be
served on the sentence, the amount of good time
earned, the time of parole eligibility of the prisoner and
any decisions of the parole board relating to the pris-

oner. The written notice and statement provided herein shall be delivered by certified mail."

First, we must determine whether defendant was an "inmate of a penal institution of this state" while he was confined at the Valley Inn in a transitional corrections program. While admitting that "Valley Inn is technically an arm of the state penal system", the prosecution argues that the 180-day rule is inapplicable to defendant because he had freedom to travel in the community. We find this argument unpersuasive.

The consecutive sentencing statute, MCL 768.7a; MSA 28.1030(1), applies to a "person * * * incarcerated in a penal or reformatory institution in this state". In interpreting that statute, this Court has ruled that an individual participating in a community corrections program is "incarcerated in a penal or reformatory institution". *People v Shirley Johnson,* 96 Mich App 84; 292 NW2d 489 (1980), *People v Mayes,* 95 Mich App 188; 290 NW2d 119 (1980). The same logic applies in this case. The fact that an individual is not confined at the Southern Michigan Prison in Jackson is not a controlling factor if the person continues to be under the control of the Department of Corrections.

Second, we must consider whether the 180-day rule is applicable in a case in which defendant would not be entitled to concurrent sentencing. The prosecutor relies primarily on *People v Loney,* 12 Mich App 288; 162 NW2d 832 (1968), which held that the purpose of the 180-day rule was to preserve the inmate's right to concurrent sentencing. The *Loney* panel concluded that where consecutive sentencing is mandatory, the 180-day rule is inapplicable since its purpose cannot be served in such a case.

This analysis was recently rejected by several panels of this Court. In *People v Moore,* 96 Mich App 754, 761-762; 293 NW2d 700 (1980), this Court reasoned:

"We find no ambiguity in the 180-day rule statute that would permit us to make exceptions in the application of its plain language. Even if it were reasonable and otherwise valid to distinguish, as *Loney* did, between inmates who commit criminal offenses prior to incarceration and those who commit them subsequently, the distinction is one that the Legislature, not this Court, should make. However, our decision here rests not only on the concept of separation of powers, but also upon our belief that the rationale underlying *Loney* is no longer completely valid.

"The *Loney* Court justified its result on what it believed was the intent of the Legislature in passing this statute. *Loney* found this intent to be that inmates of state penal institutions should serve concurrent, rather than consecutive, sentences. Because inmates who commit criminal offenses while incarcerated are not entitled to concurrent sentencing, see MCL 768.7a; MSA 28.1030(1), an incarcerated defendant was not prejudiced by delay of trial. However, since *Loney* was decided the Michigan Supreme Court has recognized that the 180-day rule protects more than just a defendant's right to serve concurrent sentences.

"In *People v Hill,* 402 Mich 272, 280; 262 NW2d 641 (1978), the Supreme Court found that the purpose of the 180-day rule was to 'secure to state prison inmates their constitutional right to a speedy trial'. As set forth in the United States Constitution, US Const, Am VI, and the Michigan Constitution, Const 1963, art 1, § 20, the right of an accused to a speedy trial does not depend upon whether the charged offense was committed prior to or during incarceration for another crime. Therefore, we hold that *Loney* was wrongly decided and that persons such as defendant who commit crimes while incarcerated are entitled to the protection of the 180-day rule."

Accord, *People v Woodruff,* 105 Mich App 155; 306 NW2d 432 (1981), *People v Pitsaroff,* 102 Mich App 226; 301 NW2d 858 (1980), *People v Anglin,* 102 Mich App 118; 301 NW2d 470 (1980). *Contra, People v Ewing,* 101 Mich App 51; 301 NW2d 8 (1980).

We find the *Moore* reasoning convincing. Accordingly, we conclude that the 180-day rule applies to defendant in the present case.

Finally, we must determine whether the trial court erred in ruling that the prosecution had met its good faith requirement of readying the case for trial. The court noted that the prosecutor had filed the information 10 days after the offense and defendant was bound over 18 days later.

The 180-day rule does not mandate an actual trial within the six-month period. It obligates a prosecutor, however, to take good faith action on the case and to proceed promptly in readying the case for trial. *People v Castelli,* 370 Mich 147; 121 NW2d 438 (1963). Where the prosecutor undertakes action to commence proceedings, jurisdiction thereafter will be lost only if the initial action is followed by an inexcusable delay evidencing an intent not to bring the case to trial promptly. *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959).

In this case, the prosecutor did file the information 10 days after the arrest and defendant was bound over for trial 18 days later. However, the mere commencement of an action is insufficient to satisfy the requirements of the statute. *People v Hendershot, supra.* The record before us contains absolutely no explanation for the subsequent delay in proceedings, well in excess of the 180-day period prescribed by the rule. We conclude that defendant's conviction must be reversed. Failure to

comply with the statute deprived the trial court of jurisdiction to hear the matter.

Reversed.

J. R. Ernst, J., concurred.

MacKenzie, J. *(dissenting).* I respectfully dissent. I would follow the reasoning of this Court in *People v Loney,* 12 Mich App 288; 162 NW2d 832 (1968), and *People v Ewing,* 101 Mich App 51; 301 NW2d 8 (1980), and hold that the 180-day rule is inapplicable where, as here, defendant would not be entitled to concurrent sentencing.