PEOPLE v SLATE

Docket No. 59448. Submitted May 11, 1982, at Lansing.—Decided June 23, 1982.

Austin Slate pled guilty in Oakland Circuit Court to charges of assault with intent to murder and one count of felony-firearm and was sentenced to 3 to 25 years imprisonment on the assault conviction and to the mandatory 2-year term for the felony-firearm conviction, Alice L. Gilbert, J. Defendant appeals, contending that his conviction on the felony-firearm charge was improper because there was no factual basis for the conviction. *Held:*

The record is inadequate to support a felony-firearm conviction. There is no indication that defendant aided his accomplice in acquiring the gun or in retaining possession of the gun. Defendant's felony-firearm conviction is reversed. His assault conviction is affirmed.

Reversed in part and affirmed in part.

1. CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING.

To convict one of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony, it must be established that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained.

2. CRIMINAL LAW — FIREARMS — POSSESSION — AIDING AND ABETTING.

Mere presence is not enough to constitute aiding and abetting illegal possession of a firearm; some direct or indirect act or encouragement coupled with criminal intent is necessary.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 167.

Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*William G. Wolfram,* for defendant on appeal.

Before: ALLEN, P.J., and CYNAR and C. J. FALA-HEE,* JJ.

PER CURIAM. Defendant was charged with assault with intent to murder, MCL 750.83; MSA 28.278, two counts of possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2), and assault with intent to rob being armed, MCL 750.89; MSA 28.284. Apparently, two of the charges were dismissed prior to the plea-taking proceeding. On June 1, 1981, defendant pled guilty to the remaining charges, assault with intent to murder and one count of felony-firearm. On July 23, 1981, defendant was sentenced to serve 3 to 25 years on the assault charge and the mandatory 2 years on the felony-firearm charge.

Defendant appeals as of right, claiming that his conviction on the felony-firearm charge was improper because there was no factual basis for the conviction.

The charges arose out of an incident wherein defendant and an accomplice entered a jewelry store and attempted to rob it. A scuffle ensued during which a security guard was shot, and the robbery was never completed.

At the plea-taking proceeding, defendant stated that he knew his accomplice had a gun and that his accomplice would use it if necessary. Defendant stated that he did not possess a gun. He was convicted on his plea under an aiding and abetting theory.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Two months prior to the acceptance of the plea in the instant case, the Michigan Supreme Court decided *People v Johnson,* 411 Mich 50, 54; 303 NW2d 442 (1981), wherein the Court stated:

"To convict one of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony, it must be established that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained."

The prosecution now claims that defendant aided and abetted the retention of possession of the firearm by his acquiescence in the possession of the firearm by his accomplice.

We find the record inadequate to support a felony-firearm conviction under *Johnson.* There is no indication that defendant somehow aided his accomplice in acquiring the gun, nor is there anything in the record from which a reasonable inference can be drawn that defendant aided the retention of possession by his accomplice. The Supreme Court in *Johnson* cited *People v Doemer,* 35 Mich App 149; 192 NW2d 330; 47 ALR3d 1236 (1971), in explaining the concept of aiding and abetting an illegal possession. Mere presence is not enough to constitute aiding and abetting illegal possession; some direct or indirect act or encouragement coupled with criminal intent is necessary. *Id.,* 152. The facts in the instant case are almost identical to those in *Johnson,* where two men, one armed and one unarmed, held up a bar. The Supreme Court reversed in that situation, and we follow that ruling in the instant case.

We deviate from *Johnson,* however, in that we find a remand inappropriate in the instant case.

The remand procedure recommended in *Johnson, supra,* 54, is certainly a proper procedure to follow in cases where a plea was taken prior to the release of that decision (March 30, 1981). As noted above, the plea in the instant case was taken two months after *Johnson* was decided. The prosecution must therefore be held to know what is required to support a conviction of the crime in question, or at least that the facts of the instant case are insufficient, and yet the record shows affirmatively that defendant was unarmed and there is no indication that defendant aided or abetted the *possession* of the gun. Under these circumstances, a remand would be futile, and therefore we decline to grant one.

Defendant's felony-firearm conviction is reversed. His conviction on the charge of assault with intent to murder is not questioned on appeal, and is therefore affirmed.

Reversed in part, affirmed in part.