PEOPLE v LAKIN

Docket No. 51934. Submitted September 14, 1981, at Detroit.—Decided July 23, 1982.

David Lakin was convicted on his plea of guilty in Wayne Circuit Court, Harold M. Ryan, J., of attempted felonious assault. He was sentenced to serve 16 to 24 months in prison. Since defendant had already been given credit for the time spent in jail while awaiting trial on this charge in his sentencing on a conviction on an unrelated charge in Detroit Recorder's Court, the trial judge held that defendant was not entitled to receive any credit against this sentence for that time spent in jail. the trial court further held that, since the crime giving rise to this conviction and sentence was committed while defendant was on "extended furlough" pre-parole status for a 1975 conviction, the sentence in this matter should run consecutively to defendant's sentence for the 1975 conviction. Defendant appealed, arguing that he should be given credit for the time spent in jail and that his sentence herein should run concurrently with the sentence for which he was on extended furlough. Upon motion of defendant, the Court of Appeals remanded to the circuit court for consideration of whether defendant was entitled to credit for the time spent in jail and whether the sentence should be served concurrently with rather than consecutively to his 1975 sentence. The trial court granted credit for the time spent in jail but held that the sentence should be served consecutively to the 1975 sentence. *Held:*

A person on "extended furlough" pre-parole status is still under the care, custody, or supervision of the Department of Corrections and is thus "incarcerated" within the meaning of the consecutive sentencing statute. Defendant's sentence, accordingly, was properly made to run consecutively to the sentence for which he was on extended furlough.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 305.
[2] 60 Am Jur 2d, Penal and Correctional Institutions § 1.
[3] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 20.

1. CRIMINAL LAW — ESCAPES — STATUTES — JUDICIAL CONSTRUCTION
   — *IN PARI MATERIA.*

   The statute providing that any person who is "incarcerated" and commits a crime shall serve consecutive sentences is to be read *in pari materia* with the statute which defines the nature of a "prison" (MCL 750.193, 768.7a; MSA 28.390, 28.1030[1]).

2. CRIMINAL LAW — PRISONS.

   A "prison" is statutorily defined to include the grounds under the control of any person authorized by the Department of Corrections to have an inmate under care, custody, or superivison either in an institution or outside an institution, whether for the purpose of work, medical care, or any other reason (MCL 750.193; MSA 28.390).

3. CRIMINAL LAW — PRISONS — ESCAPES — SENTENCING — CONSECUTIVE SENTENCES.

   A person who commits a crime while on "extended furlough" preparole status is under the care, custody, or superivison of the Department of Corrections within the meaning of the statute defining the meaning of "prison"; accordingly, a person committing a crime while on such status is subject to the consecutive sentence statute which is applicable to persons who are "incarcerated" (MCL 750.193, 768.7a; MSA 28.390, 28.1030[1]).

*Nora J. Pasman,* Assistant State Appellate Defender, and *John Nussbaumer,* for defendant on appeal.

Before: WAHLS, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. Defendant pled guilty in Wayne County Circuit Court to a reduced charge of attempted felonious assault, MCL 750.82; MSA 28.277, MCL 750.92; MSA 28.287. He was sentenced to serve 16 months to 24 months in prison. We note that at the time the defendant was arrested on the charge which resulted in this conviction and sentence in the circuit court, the defendant had already been charged and pled guilty in Detroit Recorder's Court to a different offense

involving a different incident which occurred on the same day as the incident which resulted in this charge. We also note that at the time these two offenses were committed, the defendant was on "extended furlough" pre-parole status for a 1975 conviction.

At the sentencing in this case, the trial court stated that the defendant was not entitled to receive any credit for the time he served in the Wayne County jail since he received credit for that time when sentenced in the Detroit Recorder's Court case. The sentences for the circuit court conviction and the Recorder's Court conviction would run concurrently, but would also run consecutively to defendant's sentence for the 1975 conviction.

On appeal, the defendant argued that he was entitled to receive credit for the 70 days he spent in custody while this case was pending. Defendant also argued that he was entitled to serve his sentence concurrently with the sentence for which he was on extended furlough.

By an order dated October 16, 1981, we granted defendant's motion to remand to the trial court to determine whether defendant is entitled to concurrent or consecutive sentencing. The trial court determined that defendant's sentences should run consecutively, and also gave defendant 70 days credit for the time he spent in jail while the case was pending.

The sole question for us to determine now is whether the trial court erred in ordering defendant's sentence to be served consecutively to the sentence for the 1975 conviction. We find no error.

Defendant was on "extended furlough" pre-parole status at the time that he committed the offense. The Department of Corrections considers

this an inmate status. MCL 768.7a; MSA 28.1030(1) provides that any person who is "incarcerated" and commits a crime shall serve consecutive sentences. MCL 750.193; MSA 28.390 defines prison liberally. MCL 768.7a; MSA 28.1030(1) is to be read *in pari materia* with MCL 750.193; MSA 28.390, defining prison. See *People v Shirley Johnson,* 96 Mich App 84, 86; 292 NW2d 489 (1980). Prison includes the grounds under control of any person authorized by the Department of Corrections to have a prison inmate under care, custody, or supervision either in an institution or outside an institution, whether for the purpose of work, medical care, or any other reason.

This Court has held that a halfway house and a community corrections center are places where a defendant is incarcerated within the meaning of MCL 768.7a; MSA 28.1030(1). If a crime is committed while the defendant is in one of these places, the consecutive sentencing statute is applicable. *People v Mayes,* 95 Mich App 188; 290 NW2d 119 (1980), *People v Shirley Johnson,* 96 Mich App 84; 292 NW2d 489 (1980). Also, see *People v Hegwood,* 109 Mich App 438, 442; 311 NW2d 383 (1981), where the Court held, relying on MCL 768.7a; MSA 28.1030(1), that a person in a transitional corrections program is "incarcerated" for purposes of the 180-day rule. The fact that a person is not confined is not a controlling factor if the person continues to be under the control of the Department of Corrections.

Since defendant was not on "parole" status, but "pre-parole" status at the time he committed the offense, he was subject to the consecutive sentencing statute.

Affirmed.