PEOPLE v JENNINGS

Docket No. 58085. Submitted July 19, 1982, at Detroit.—Decided
October 12, 1982.

Dale Jennings was convicted, on his plea of guilty, of attempted
receiving and concealing stolen property over the value of $100,
Recorder's Court of Detroit, Donald L. Hobson, J. At the time
of the commission of the offense, defendant was an escapee
from a halfway house. The court refused to impose a consecu-
tive sentence on defendant. The people appealed by leave
granted. *Held:*

A crime committed by a defendant who is an escapee from a
halfway house is committed during the defendant's incarcera-
tion in a penal institution, and the defendant is subject to a
consecutive sentence.

Remanded with instructions.

CRIMINAL LAW — SENTENCING — HALFWAY HOUSES.

A crime committed by a defendant who is an escapee from a
halfway house is committed during the defendant's incarcera-
tion in a penal institution, and the defendant is subject to a
consecutive sentence (MCL 768.7a; MSA 28.1030[1]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Michael F. Bakaian,*
Assistant Prosecuting Attorney, for the people.

*Curtis R. Williams,* for defendant.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY
and C. J. HOEHN,* JJ.

PER CURIAM. Defendant pled guilty to attempted

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 552.

* Circuit judge, sitting on the Court of Appeals by assignment.

receiving and concealing stolen property over the value of $100 in violation of MCL 750.535; MSA 28.803, and MCL 750.92; MSA 28.287. During the plea-taking procedure, it was brought out that there was a "hold" on the defendant for being an escapee from a halfway house. At sentencing the prosecutor argued that consecutive sentencing was mandatory because the offense was committed while the defendant was in the custody of a halfway house. The sentencing judge refused to impose a consecutive sentence because the defendant had not been found guilty of being an escapee. The people appeal by right.

Consecutive sentencing is mandatory under MCL 768.7a; MSA 28.1030(1) when a defendant commits a crime, punishable by imprisonment, while that defendant is incarcerated in or is an escapee from a state penal or reformatory institution. The term penal or reformatory institution has been given a broad meaning which includes a halfway house like the one in the instant case. *People v Mayes,* 95 Mich App 188; 290 NW2d 119 (1980).

In *Mayes, supra,* p 190, we held that "a crime committed while on leave from a halfway house is committed during one's incarceration in a penal institution" for purposes of the consecutive sentencing statute. Thus, for the purposes of the application of MCL 768.7a; MSA 28.1030(1), it is immaterial whether the defendant was on leave or was an escapee from the halfway house; it is undisputed that the defendant was in the custody of the halfway house when he committed another crime and thus consecutive sentencing is mandatory.

This case is remanded to the trial court for entry of a consecutive sentence.

Remanded.