PEOPLE v SANDERS

Docket No. 62918. Submitted June 16, 1983, at Lansing.—Decided
     November 7, 1983.

  Sam D. Sanders was convicted of armed robbery and felony-
    firearm, Calhoun Circuit Court, Creighton R. Coleman, J. The
    defendant was on parole when the arrest and subsequent
    conviction occurred. Approximately six months after his arrest,
    the Department of Corrections issued a parole hold against the
    defendant. The defendant appealed, alleging that: (1) his convic-
    tions should be reversed because the prosecutor did not comply
    with the 180-day rule, (2) the trial court erred in refusing to
    suppress evidence of his prior conviction for unarmed robbery,
    (3) his conviction for felony-firearm was not supported by the
    evidence, and (4) his right of allocution was violated. *Held:*

      1. In the parole context the 180-day rule applies only where a
    person is assigned to a state correctional facility on preparole
    status. Here, the prosecutor did not violate the 180-day rule by
    failing to prosecute the defendant within 180 days of his arrest
    or within 180 days of the issuance of a parole hold.

      2. The trial court did not abuse its discretion by refusing to
    suppress evidence of defendant's prior conviction. The court
    recognized that the defendant's prior conviction was for a crime
    of theft and was particularly probative of the defendant's
    credibility but was not sufficiently similar to the charged crime
    to result in any unfair prejudice to the defendant. The trial
    court's failure to consider on the record the effect of its ruling

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law §§ 658, 662, 857, 858.
   Excludable periods of delay under Speedy Trial Act (18 USCS
      § 3161(h)). 46 ALR Fed 358.
[2] 21 Am Jur 2d, Criminal Law § 552.
[3] [No Reference]
[4] 29 Am Jur 2d, Evidence § 327.
[5] 21 Am Jur 2d, Criminal Law § 167.
[6] 21 Am Jur 2d, Criminal Law §§ 531, 532.
   Necessity and sufficiency of question to dependant as to whether he
      has anything to say why sentence should not be pronounced
      against him. 96 ALR2d 1292.

on the defendant's decision not to testify does not constitute error requiring reversal because the defendant did not inform the court of any intention to testify.

3. The defendant's conviction of felony-firearm should be reversed. The defendant did not personally possess the firearm nor was there evidence introduced to establish that he assisted in obtaining or retaining it.

4. The defendant was not denied his right of allocution. There is nothing in the record to suggest that either the defendant or defense counsel was prevented from speaking to the circumstances of sentencing. Both defense counsel and the defendant indicated that the presentence report was accurate and the trial court asked the defendant whether he wished to say anything prior to sentencing.

Affirmed in part and reversed in part.

1. CRIMINAL LAW — 180-DAY RULE.

The 180-day statutory period, which controls the time for commencing a criminal prosecution on outstanding warrants against a prison inmate, runs from the day the defendant is incarcerated in a state prison or detained in a local prison awaiting incarceration in a state prison when there is an untried charge pending against the defendant and when the prosecutor or the Department of Corrections knows, or should know, that the untried charge is pending (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — CONSECUTIVE SENTENCING.

An individual is incarcerated in a penal or reformatory institution for purposes of the consecutive sentencing statute where he is participating in a community corrections program or on extended furlough or assigned to a halfway house when he commits a crime (MCL 768.7a; MSA 28.1030[1]).

3. CRIMINAL LAW — 180-DAY RULE — PAROLE.

The 180-day statutory period which controls the time for commencing a criminal prosecution on outstanding warrants against a prison inmate applies in the parole context only where the person is assigned to a state correctional facility on preparole status (MCL 780.131; MSA 28.969[1]).

4. CRIMINAL LAW — PRIOR CONVICTIONS.

A trial court did not err in refusing to suppress evidence of a criminal defendant's prior conviction and failing to consider on the record the effect of its ruling on the defendant's decision not to testify where the court considered that the prior convic-

tion was for a crime particularly probative of defendant's credibility but was not sufficiently similar to the charged crime to result in any unfair prejudice to the defendant and the defendant did not inform the court of any intention to testify.

5. CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING.

A felony-firearm conviction, where the defendant did not personally possess a firearm in the commission of a felony, can be sustained on an aiding and abetting theory only if it is established that the defendant procured, counseled, aided, or abetted in obtaining or retaining the firearm possessed by another (MCL 750.227b; MSA 28.424[2]).

6. CRIMINAL LAW — ALLOCUTION — COURT RULES.

A defendant was not denied his right of allocution because a trial court failed to specifically ask defense counsel if counsel had anything to say prior to the court's imposing sentence where defense counsel was given reasonable opportunity to address the trial court prior to the court's imposition of sentence, both defense counsel and the defendant indicated that the contents of the presentence report were accurate, and the trial court specifically asked whether the defendant wished to say anything prior to the sentencing (GCR 1963, 785.8[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Jon R. Sahli,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

Before: M. J. KELLY, P.J., and SHEPHERD and R. I. COOPER,* JJ.

M. J. KELLY, P.J. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to a term of from one to five years in prison on the armed robbery conviction and to a consecutive term of two years on the

* Circuit judge, sitting on the Court of Appeals by assignment.

felony-firearm conviction. Defendant appeals his convictions as of right, raising four issues.

I

Defendant first contends that his convictions should be vacated and the charges against him dismissed with prejudice for failure of the prosecutor to comply with Michigan's 180-day rule. MCL 780.131; MSA 28.969(1).

Defendant was arrested on March 26, 1980, while on parole from the Department of Corrections. Approximately six months after his arrest, the Department of Corrections issued a parole hold against defendant, who was at that time detained in the local jail awaiting prosecution both on the instant charges and on another unrelated charge. Defendant was first tried and convicted on the other charge and began serving a sentence at Jackson prison on April 14, 1981. Defendant's parole was revoked one week later.

The first trial on the instant charges commenced in March of 1981 and ended in a mistrial. A second trial in November of 1981 resulted in defendant's convictions as charged. Thus, defendant was not tried and convicted on the instant charges until nearly 20 months after his arrest, 14 months after the Department of Corrections issued its parole hold and approximately 7 months after defendant was incarcerated at Jackson prison.

Defendant contends on appeal, as he did at the trial, that the 180-day period began to run on the day of his arrest since he was at that time under the jurisdiction of the Department of Corrections as a parolee. Alternatively, defendant argues that the 180-day period began to run on the day that the Department of Corrections issued its parole

hold. We disagree with both of defendant's arguments.

The clear and unambiguous language of MCL 780.131; MSA 28.969(1) is that the untried charge must be pending against "any inmate of a penal institution of this state". See *People v Woodruff,* 414 Mich 130, 135-136; 323 NW2d 923 (1982). In construing this statutory language, the Supreme Court has held that the 180-day period runs from the day the defendant is "incarcerated in a state prison" or detained in a local prison "awaiting incarceration in a state prison" when there is an untried charge pending against the defendant and when the prosecutor or the Department of Corrections knows or should know that the untried charge is pending. *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978). The question presented here is whether a person on parole is an inmate of a state penal institution or incarcerated in a state prison for purposes of the 180-day rule.

This Court has held that the term "penal institution" or "state prison" is not limited to facilities such as the Southeastern Michigan Prison at Jackson. In *People v Hegwood,* 109 Mich App 438, 442; 311 NW2d 383 (1981), for example, it was held that the 180-day rule applies to persons participating in transitional corrections programs, such as the one at Valley Inn in Kalamazoo.

In deciding *People v Hegwood,* this Court relied upon the rationale employed by other panels of this Court in construing the consecutive sentencing statute, MCL 768.7a; MSA 28.1030(1). That statute applies when a person commits a crime punishable by imprisonment while "incarcerated in a penal or reformatory institution in this state". For consecutive sentencing purposes, the term "penal or reformatory institution" is broadly con-

strued to include any "grounds under the control of any person authorized by the Department of Corrections to have a prison inmate under care, custody or supervision either in an institution or outside an institution". *People v Lakin,* 118 Mich App 471, 474; 325 NW2d 460 (1982). Thus, consecutive sentencing will be imposed where a person commits a crime while assigned to a halfway house, *People v Jennings,* 121 Mich App 318; 329 NW2d 25 (1982); *People v Mayes,* 95 Mich App 188; 290 NW2d 119 (1980), or while assigned to a community corrections program, *People v Shirley Johnson,* 96 Mich App 84; 292 NW2d 489 (1980), or where a person is on extended furlough, *People v Lakin, supra.*

We believe that this Court justifiably relied on the holdings in the consecutive-sentencing cases in deciding *People v Hegwood, supra.* Defendants in *People v Hegwood* and in the consecutive-sentencing cases were all on preparole status with the Department of Corrections when they committed their crimes. In the instant case, however, defendant was on parole at the time he committed the offenses for which he was subsequently convicted. Although every parolee remains in the legal custody and under the jurisdiction of the Department of Corrections, that parolee is free from the enclosures of a prison facility. MCL 791.238; MSA 28.2308.

We find that in the parole context the 180-day rule applies only where a person is assigned to a state correctional facility on preparole status. The prosecutor in this case did not violate the 180-day rule by failing to prosecute the defendant within 180 days of his arrest or within 180 days of the issuance of a parole hold.

Finally, we note that the second trial in this

case did not commence until seven months after defendant had been incarcerated at Jackson prison and that the first trial which resulted in a mistrial commenced a month before the defendant was sentenced to Jackson. Defendant does not claim on appeal that the seven-month delay violated the 180-day rule and our review of the record reveals that the prosecution established to the satisfaction of the trial court that good-faith action had been taken to ready the case for trial within the 180-day period. *People v Hill, supra; People v Castelli,* 370 Mich 147, 153; 121 NW2d 438 (1963); *People v Freeman,* 122 Mich App 260, 263; 332 NW2d 460 (1983); *People v Tutton,* 128 Mich App 412; 340 NW2d 649 (1983).

## II

Defendant secondly argues on appeal that the trial court erred in refusing to suppress evidence of his prior conviction for unarmed robbery, MCL 750.530; MSA 28.798. Defendant did not testify at the trial and the evidence of the prior conviction was, therefore, not admitted.

We are not persuaded that the trial court abused its discretion by refusing to suppress evidence of defendant's prior conviction under MRE 609(a).

In ruling on the admissibility of this evidence, the trial court first recognized that defendant's prior conviction was for a crime of theft and was, therefore, particularly probative of defendant's credibility. The court further noted that the prior conviction was for a crime not sufficiently similar to the charged crime to result in any unfair prejudice to the defendant. See *People v Baldwin,* 405 Mich 550, 552-553; 275 NW2d 253 (1979), *reh den* 406 Mich 1118 (1979); *People v Crawford,* 83 Mich

App 35, 38-39; 268 NW2d 275 (1978). The trial court's failure to consider, on the record, the effect of its ruling on defendant's decision not to testify does not constitute reversible error inasmuch as defendant failed to inform the court of his intentions. *People v Wilson,* 107 Mich App 470, 476-477; 309 NW2d 584 (1981).

### III

Defendant next contends, and the prosecution agrees, that his conviction for felony-firearm is not supported by the evidence.

In *People v Johnson,* 411 Mich 50, 54; 303 NW2d 442 (1981), *reh den* 411 Mich 1155 (1981), the Supreme Court held that, where a defendant does not personally possess a firearm in the commission of a felony, a felony-firearm conviction can be sustained on an aiding an abetting theory only if it is established that the defendant procured, counseled, aided, or abetted in obtaining or retaining the firearm possessed by a codefendant. See also *People v Slate,* 117 Mich App 501, 503; 324 NW2d 68 (1982). As in *Johnson* and *Slate,* defendant here did not personally possess the firearm, nor was there evidence introduced to establish that he assisted in obtaining or retaining it. Accordingly, we reverse defendant's conviction on the felony-firearm count only.

### IV

Finally, defendant contends that his right of allocution was violated because the trial court failed to specifically ask defense counsel if counsel had anything to say prior to sentencing. Allocution is governed by GCR 1963, 785.8(2). Our review of the record reveals that defense counsel was given

reasonable opportunity to address the trial court prior to the court's imposition of sentence. Both defense counsel and the defendant responded to the presentence report by indicating that the contents were accurate. The trial court then specifically asked whether defendant wished "to say anything" prior to sentencing. Defendant responded that he did not. There is nothing in the record to suggest that either defendant or defense counsel was prevented from speaking to the circumstances of sentencing. See *People v Berry,* 409 Mich 774; 298 NW2d 434 (1980).

Affirmed in part and reversed in part.