# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

UNPUBLISHED
November 6, 2014

v

MAURICE DANTE HENDERSON,

Defendant-Appellee.

No. 315983
Muskegon Circuit Court
LC No. 12-062643-FH

Before: SHAPIRO, P.J., and WHITBECK and STEPHENS, JJ.

PER CURIAM.

The prosecution appeals as of right from the trial court order granting defendant's motion to dismiss the criminal charges against him on the basis of the "180-day rule." MCL 780.131-780.133. We affirm.

## I. THE 180-DAY RULE

The 180-day rule provides procedures that must be followed when criminal charges are brought against a defendant incarcerated in a state correctional facility. See *People v Lown*, 488 Mich 242, 254; 794 NW2d 9 (2011). If the rule is violated, the trial court loses personal jurisdiction over the defendant and must dismiss the charges against him with prejudice. *Id*. at 267-270; MCL 780.133.

> The object of this rule is to dispose of new criminal charges against inmates in Michigan correctional facilities; the rule requires dismissal of the case if the prosecutor fails to commence action on charges pending against an inmate within 180 days after the Department of Corrections (DOC) delivers notice of the inmate's imprisonment. [*Lown*, 488 Mich at 246.]

The relevant portions of the statutes provide:

> Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in

-1-

which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail. [MCL 780.131(1).]

In the event that, within the time limitation set forth in section 1 of this act [MCL 780.131], action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be on any further force or effect, and the court shall enter an order dismissing the same with prejudice. [MCL 780.133.]

However, the rule does not require that *trial* commence within 180 days after the prosecutor receives the DOC notice. *Lown*, 488 Mich at 246. Rather, "it is sufficient that the prosecutor 'proceed promptly' and 'move [] the case to the point of readiness for trial' within the 180-day period." *Id*., quoting *People v Hendershot*, 357 Mich 300, 304; 98 NW2d 568 (1959).

## II. FACTS

On March 16, 2012, police officers executed a search warrant at the residence of defendant's mother in Muskegon Heights. While executing the search warrant, an officer found two handguns inside of a duffel bag; the duffel bag was in a room in the basement of the residence that contained many items that belonged to defendant. On March 19, 2012, a police officer interviewed defendant regarding the guns; at that time, defendant was housed at the Ottawa County jail awaiting the disposition of several alleged parole violations. When the police interviewed defendant, he admitted that he knew that the guns were in the basement. Defendant further stated that a friend gave the duffel bag to him and he had kept the bag because "he was afraid that his friend was going to do something stupid with it." In addition, at the time defendant was given the duffel bag by his friend, defendant had been convicted of a felony and was prohibited from possessing a firearm. At some point after March 19, 2012, defendant apparently pled guilty to, or was found guilty of, the parole violations for which he was being held in the Ottawa County jail because he was remanded to the custody of the DOC for parole violations.

On May 3, 2012, the DOC mailed a certified letter addressed to the Muskegon County Prosecutor. The letter references defendant and "possible firearm charges," and states, in relevant part:

The above named prisoner is currently serving a term of incarceration in the Michigan Department of Corrections. We have received information that the above mentioned charge may be a pending violation in your jurisdiction. Thus, as required by MCL 780.131, we are providing you notice of this prisoner's location

-2-

and status, and request final disposition of this matter. LEIN does not indicate the final status of this charge.

On July 12, 2012, a warrant for defendant's arrest was authorized and a felony warrant was issued for defendant on July 20, 2012, charging defendant with one count of felon in possession of a firearm, MCL 750.224f, and one count of possessing a firearm during the commission of a felony, MCL 750.227b, arising out of the discovery of the handguns in the duffel bag. On July 20, 2012, a felony complaint was filed alleging that defendant committed the charged offenses. Defendant was arraigned in the district court on October 10, 2012, and bond was set. A preliminary examination was held on October 24, 2012, and, at the conclusion of the preliminary examination, defendant was bound over to the circuit court on all of the charges in the felony complaint. A felony information was filed in circuit court on October 26, 2012. On November 16, 2012, the trial court held a pretrial hearing, but in December 2012, the case was reassigned within the trial court due to docket management. The case was set for trial with the new judge on February 26, 2013.[1]

On March 8, 2013, defendant moved to dismiss the case, arguing that the 180-day rule had been violated. A hearing was held on defendant's motion on March 18, 2013, at which time the trial court requested supplemental briefing on several issues. On March 28, 2013, the trial court issued an opinion and order granting the motion to dismiss, finding that the prosecution did not comply with the 180-day rule. The trial court agreed with the prosecution that at the time the DOC letter was sent, there were no charges pending against defendant. However, the trial court found that *Lown*, 488 Mich 242, "appears to contemplate that the DOC notice could be valid even if provided prior to the commencement of the criminal litigation. So the court cannot conclude that the DOC's May notice is a nullity." After the trial court found that the May 3, 2012 notice triggered the 180-day rule, it went on to find that "[u]nder this interpretation, the court must grant the motion, since the clock started in May. It must be remembered that the statute itself requires the inmate 'to be brought to trial' within 180 days."

Further, the trial court found that "there is a second analysis which also, in the end, requires granting defendant's motion." The trial court went on to find that even if the DOC letter was disregarded, the 180-day "clock started 'ticking' in July when the complaint was filed;" therefore, the 180-day period provided by MCL 780.131 "would have expired in mid-January." Because the trial was not originally scheduled to start until February 26, 2013, the trial court found that "[t]he only logical conclusion left for the court is that prosecutor [sic] had an intent to not bring the case to trial promptly."

---

[1] On February 12, 2013, the parties stipulated to adjourn trial because defendant had hired a new attorney. As will be discussed below, our resolution of the 180-day issue does not rely on this additional delay as the 180-day rule had already been violated.

## III. ANALYSIS

The prosecution argues that the trial court erred by dismissing the instant charges against defendant on the basis of a violation of the 180-day rule.[2]

The prosecution first argues that the May 3, 2012 letter from the DOC was "premature" because there was no pending criminal charge against defendant at that date and, accordingly, the letter was insufficient to trigger the 180-day rule. The prosecution asserted, before the trial court and on appeal, that the DOC letter was essentially as nullity, since there was no pending charge against defendant at the time the letter was sent. We disagree. It is true that if the prosecution had notified the DOC that there were charges pending against defendant, the DOC would have been required to provide the letter at issue to the prosecutor. In this case, it is unclear how the DOC became aware of the instant criminal investigation into defendant which led to the instant charges. Nonetheless, the DOC did sent a notice as prescribed by MCL 780.131 via certified mail to the prosecutor. The DOC notice also complied with the other requirements of MCL 780.131. Michigan courts have consistently held that receipt of such a DOC request by the prosecutor triggers the 180-day rule. *Lown*, 488 Mich 247, 271; *People v Williams*, 475 Mich 245, 259; 716 NW2d 208 (2006).

Of more importance is the fact that MCL 780.131 does not govern whether charges against a defendant must be dismissed with prejudice for violation of the 180-day rule. Our Supreme Court has explicitly held that, "MCL 780.133, not MCL 780.131, governs when jurisdiction is lost as a result of a violation of the 180-day rule." *Lown*, 488 Mich at 272. MCL 780.133 makes no mention of a proper notice of pending charges having been sent by a prosecutor. Indeed, it only states that, "within the time limitation set forth in section 1 of this act [MCL 780.131, i.e., 180 days], action is not commenced on the matter for which *request for disposition* was made, no court of this state shall any longer have jurisdiction thereof . . . ." (Emphasis added). In this case, the DOC sent a request for disposition to the prosecutor via certified mail. The reason the DOC sent such a request is immaterial for determining whether the trial court was without personal jurisdiction over defendant as a result of the violation of the 180-day rule.

Accordingly, the May 3, 2012 letter from the DOC to the prosecutor was sufficient to trigger the 180-day period.

Finding that the 180-day period was triggered by the DOC letter, we turn to whether a violation of the 180-day rule occurred. The trial court appears to have relied on the fact that trial was not set to begin within 180 days after the DOC sent its notice in granting defendant's motion for dismissal. However, as discussed, our Supreme Court has held that the 180-day rule does not require that defendant have been brought to trial within 180 days; rather, the question is whether the prosecution proceeded promptly to move the case to the point of readiness for trial within the 180-day period. *Lown*, 488 Mich at 246.

---

[2] Questions of statutory interpretation, such as construing the "meaning and proper application of MCL 780.131 and MCL 780.133" are reviewed de novo. *Lown*, 488 Mich at 254-255.

We conclude that the legal proceedings that occurred within 180 days after the DOC notified the prosecution that defendant was incarcerated were insufficient to demonstrate that the prosecution was ready to proceed to trial. Indeed, the 180-day period running from the DOC request for disposition expired on October 26, 2012,[3] the same date that defendant's preliminary examination was held. We decline to find that conducting a defendant's preliminary examination on the 180th day satisfies the requirement that the prosecutor "proceed promptly" and "move the case to the point of readiness for trial." *Lown*, 488 Mich at 246. Accordingly, we conclude that the 180-day rule was violated and the trial court did not err by dismissing with prejudice the charges against defendant.[4]

The prosecution has alternatively argued that defendant failed to establish that the DOC actually sent the letter to the prosecutor and that it did so by certified mail as the statute requires. We find this argument both factually incorrect and unpersuasive.

In its trial court brief in opposition to defendant's motion to dismiss, filed March 15, 2013, the prosecution asserted that "it cannot be confirmed as of this writing whether the [DOC letter] was actually sent to and received by the Muskegon County Prosecutor." The prosecution asserted this lack of proof despite the fact that defendant attached a copy of the letter to his motion. Moreover, although the prosecution stated that "it cannot be confirmed" that the letter was received, it did not offer an actual denial, an affidavit, or any other evidence in support of its claim. On August 6, 2013, in its brief before this Court, the prosecution again asserted that defendant had provided no evidence that the DOC letter had been sent to the prosecution via certified mail. The prosecution went so far as to posit that the copy of the DOC letter attached to defendant's pleadings "could have been a fraud," though it again offered no affidavit from either the DOC or its own staff to support this accusation against defendant and potentially his counsel.

The parties did not preserve oral argument. However, on August 26, 2014, this Court ordered the parties to appear for oral argument on September 4, 2014.[5] Less than 24 hours before oral argument was to occur, the prosecution sent this Court a letter stating that it had known since October 1, 2013, nearly a year before oral argument, that defendant had been correct all along and that "the [DOC] letter that was addressed to the Muskegon County Prosecutor was sent by the MDOC certified mail." Attached to the prosecution's letter was a certified mail receipt establishing that the DOC letter had been sent via certified mail to the Muskegon County Prosecutor. Indeed, the address on the DOC letter was identical to that listed on the letterhead of the Muskegon County Prosecutor. The prosecution attempted to explain its failure to discover proof of the DOC letter's receipt by claiming that it had been "delivered to the

---

[3] See *Lown*, 488 Mich at 247 ("the statutory 180-day period is, by the plain terms of the statute, a fixed period of consecutive days beginning on the date when the prosecutor receives the required notice from the DOC.").

[4] Pursuant to this ruling, we need not address the trial court's finding of a second violation of the 180-day rule.

[5] *People v Henderson*, unpublished order of the Court of Appeals, entered August 26, 2014 (Docket No. 315983).

mailroom for Muskegon County rather than to the Muskegon County Prosecutor" and had been signed for by an individual who, while a Muskegon County employee, "is not an employee of the Muskegon County Prosecutor," though it did not assert that this individual lacked the authority to sign for the certified delivery.

We first note that a prosecutor's lack of *actual* notice of a defendant's incarceration does not excuse a violation of the 180-day rule. *People v Woodruff*, 105 Mich App 155, 160-161; 306 NW2d 432 (1981). Indeed, the question is "whether the prosecutor should have known that defendant was incarcerated." *Id*. Because the DOC letter was sent via certified mail to the address of the Muskegon County Prosecutor and undisputedly received by an individual receiving mail at that address,[6] we find that the prosecution should have known that defendant was incarcerated and that the DOC had sent notice in compliance with MCL 780.131.[7] Accordingly, we find the prosecution's argument that defendant failed to establish that it received the DOC letter via certified mail and, therefore, that the 180-day rule was not triggered to be without merit.

Moreover, we are troubled by the prosecution's failure to take appropriate action to correct its brief after having learned that it contained factual assertions, central to the analysis of the case, that it subsequently learned were false. The prosecutor asserted in its brief that the DOC letter in question had never been sent and intimated that the copy on which defendant relied was fraudulent. That brief was filed on August 6, 2013. Six weeks later, on October 1, 2013, the prosecution learned that these assertions were factually false. During the approximately 11 months that followed, the prosecution did not inform this Court of its discovery nor amend its brief. Perhaps more significant, the prosecution made no effort to inform defense counsel of its discovery. The discovery was only revealed after this Court sua sponte ordered oral argument and it appears highly unlikely that the defense or the Court would have ever learned of it, but for the direction that the parties appear for oral argument. "[A] prosecutor's role and responsibility is to seek justice and not merely to convict[.]" *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). And all attorneys, including prosecutors, have a duty of candor to the court and to the opposing party. We therefore caution the prosecutor to take all steps necessary to avoid such circumstances in the future. Despite these cautionary comments, we reiterate that our ultimate decision rests solely on the language of the relevant statutes and applicable caselaw.

---

[6] Again, we note that the prosecutor has not argued that this individual did not have authority to accept the certified letter.

[7] We further note that Michigan's online Offender Tracking Information System (OTIS) allows any member of the public, including county prosecutors, to easily and promptly determine whether an individual is incarcerated, where he is incarcerated, on what charges he is incarcerated, and any potential release date, among other information.

Affirmed.

/s/ Douglas B. Shapiro
/s/ William C. Whitbeck
/s/ Cynthia Diane Stephens